## DAVID P. ALLEN v. HERBERT ALLEN.

*Father and son — Wages earned by son during minority and received by the father, when may be recovered — Where parties live in one family after son's majority, no implied promise by either to pay for things furnished in consequence of such relation — Express agreement must be shown by positive and affirmative testimony.*

1. Where in a suit between a father and son the latter sought to offset a claim for money earned by him during his minority and received by

the father, under the claim that by an *express* agreement with his father his "time had been given to him, and what he could earn," a charge to the jury that if they find that the son had been given his time before earning the money, he should be allowed for it, but if not that the set-off claimed should be disallowed, is not open to the objection that it left out of the case inferences which the jury had a right to draw from the acts and conduct of the father.

2. In a suit between father and son, it appeared that during a portion of the time when the *account* upon which suit was brought, and *that* sought to be set off by the son, were running, the parties were members of one family, the son having attained his majority. The circuit judge instructed the jury that under such circumstances the law will not raise an implied promise on the part of either party to pay the other for things furnished in consequence of the relation existing between them, and without an express agreement to pay for the same; which agreement must be positive, and established in court by affirmative testimony.

*Held*, that the charge was applicable to the testimony in the case, and sufficiently definite to enable the jury to determine the merits of the controversy.

Error to Clare. (Hart, J.)    Argued February 19, 1886. Decided April 15, 1886.

Assumpsit.    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*Wisner & Draper* and *C. W. Perry*, for appellant:

Under the charge the jury were required to find that plaintiff had *expressly* given defendant his time to entitle him to his earnings, and this was error. It left out of the case entirely inferences the jury had a right to draw from the acts and conduct of the father; for under the evidence the jury were warranted in finding that the son left home at the age of 16 or 17, with his father's consent, went into an- other state, and there worked by the month and earned the $600 which the father received; and these facts would create the presumption that the son was entitled to his earnings: *Whiting v. Earle*, 3 Pick. 202; *Corey v. Corey*, 19 Id. 29; *Schoenberg v. Voigt*, 36 Mich. 310; *Lord v. Poor*, 23 Me. 569; *Shute v. Dorr*, 5 Wend. 204.

The *right* of the father to the child's earnings exists only so long as he supports him, and if he permits the son to go away and work, emancipation is presumed: *Godfrey v. Hays*, 6 Ala. 501; *Lyon v. Bolling*, 14 Id. 753.

*E. D. Wheaton,* for plaintiff:

Where a question and answer taken together, even if improper, could not prejudice a defendant, he cannot complain: *Beebe v. Knapp,* 28 Mich. 53; *Grand Rapids Booming Co. v. Jarvis,* 30 Id. 309.

When there is any evidence in a case to support a material issue, it must be submitted to the jury: *Brooks v. Somerville,* 106 Mass. 271–275; *Way v. Ill. C. Ry. Co.,* 35 Iowa, 585; *Mathews v. Elevator Co.,* 50 Mo. 149; *Producer's Bank v. Farnum,* 5 Allen, 10.

A child on arriving at *full* age becomes emancipated, but if he continues to live, labor, and render services in the father's family, with his knowledge and consent, and without any agreement or understanding as to compensation, the law presumes that he does so without any expectation of compensation.

The presumption in such a case is that the parties did not contemplate a payment of wages for services; but this presumption may be overthrown, and the reverse established, by the proof of an express or implied contract for payment: *Miller v. Miller,* 16 Ill. 296; *Fitch v. Peckham,* 16 Vermont, 150; *Swartz v. Hazlett,* 8 Cal. 118.

CHAMPLIN, J. This is an action of assumpsit, brought by a father against his son. The declaration is upon the common counts, under which a bill of particulars was filed of items aggregating $3,014. The defendant pleaded the general issue, with notice of set-off, and filed a bill of particulars.

The case was tried by a jury, who returned a verdict in favor of the plaintiff for $1,293. The errors assigned relate to the rulings of the court in the admission of testimony, and refusal to charge as requested, and to the charge as given.

An item in the plaintiff's bill of particulars was for "money lent from sale of real estate, $800."

The plaintiff had given testimony tending to show that he had sold his farm in New York state to another son, and that this son had paid to defendant for plaintiff six or eight hundred dollars, which was the money claimed under this item.

The defendant, when sworn in his own behalf, denied hav-

ing received this $800 or any other sum for his father.    On cross-examination he was asked with reference to a Mrs. Shores, and testified, without objection, that he knew her, but had no recollection of having a talk with her, and stating to her at any time that he had received $800 from his father; that this lady he got to keep house on account of his father, in a house he had built for him and his sisters to live in, and that she kept house there in 1882 several months; that he recollected Mrs. Shores' brother coming there twice, but did not recollect having a conversation with him; when the defendant was asked:

"*Question.* Don't you remember of having a conversation with him in which you gave this young man, her brother, advice as to saving money, and how you had saved yours, saying, in substance, that the first $200 you ever got you brought here and put into the homestead; and, after he left you, turned to this lady, and said to her it was well enough to encourage the young man, but that you did not give it to him just as it was; that you had a bigger start than that, for you had eight hundred dollars from your father, referring to this eight hundred dollars you got from your brother, that belonged to your father, as claimed by your father?"

This question was objected to by defendant's counsel as too indefinite.    The objection was overruled, and the witness answered:

"I don't remember the conversation.    The latter part of that I think is entirely trumped up."

Error is assigned upon this ruling, and it is suggested in defendant's brief that the question seems to have been put for the purpose of laying a foundation to impeach the witness, and, as it fixes no time or place, was not proper.    But it is clear that the evident purpose of the question was to show an admission by the party that he had received the $800 in dispute, and was entirely proper.    Mrs. Shores was afterwards placed upon the stand by plaintiff, and testified to the conversation without objection.    The defendant was also, upon his cross-examination, permitted to testify, without objection, how much stock, and of what it consisted,

was on the homestead when he left there. Among other stock he testified to fourteen head of cattle that were brought there from the other place, and turned out there to pasture. He was then asked, "How many more than fourteen head of cattle have you ?"—to which defendant's counsel objected because it was irrelevant and immaterial. The court overruled the objection, and the witness answered: "I think there were twenty-seven head, calves and all, excepting the spring calves." Witness was next asked: "Have you got any other property besides that?" This was objected to as immaterial and incompetent, and overruled, and the witness answered: "I have some land, forty acres, which cost me $60."

These rulings are assigned as error. The bearing that this testimony had upon the merits of the case was very remote, if it had any at all. If, however, it was error to receive it, its reception cannot be regarded as prejudicial, inasmuch as further testimony was introduced, without objection, that the property mentioned was all he had, except a little paper—notes—not to exceed $200 or $300, and that he was worth about $2,000.

One item of $600 in defendant's set-off was for money earned by defendant while a minor, concerning which he testified :

"In 1865 and '6, I think it was a part of both of those years, I worked in the state of Pennsylvania, receiving, I think from $50 to $60 a month. My older brother collected my wages. I was under age then, but supposed I had my time. I was promised my time. He hired me there, and collected my wages, as he informed me. The money earned at that time was furnished to my father, I could not tell when, but some time,—about $600 as near as I could fix the amount." On cross-examination he testified : "I boarded at a place selected for me, and my brother paid my board-bill, and collected my wages. I supposed I was getting $60 and my board. My brother was down there, and he got me the place. My father said I might go and might have my time and what I made."

Helon Allen, the brother, testified :

"I once lived in the oil regions of Pennsylvania. I was

engaged in moving machinery, and had a lot of teams at work there, jobbing, contract, and one thing and another. I hired the defendant out there to a Colonel Cook, the superintendent of Hamlin & Moore, a concern that furnished oil-well supplies. I received Herbert's wages,—about $600. I let my father have them to pay a mortgage on the farm. I let him have the money at the request of my brother Herbert. He and I talked it over together."

In rebuttal the plaintiff testified:

"I never gave him his time, or authorized him to receive his own wages for his own benefit."

Respecting this item of defendant's set-off, the court instructed the jury as follows:

It is admitted that at the time the son earned the $600, which was increased to $800, as he claims, in Pennsylvania, the son was not of age, and the plaintiff claims that he never gave his son his time, and consequently the plaintiff is entitled to this $600; while the defendant claims that his father, before he went to Pennsylvania, gave him his time and what he could earn. The earnings of a son before he comes of age belong to the father unless the father has given the son his time and earnings. This question is left for you to determine from the testimony, and should you find the son had been given his time before earning this money he should be allowed for it; but if he had not given him his time, then the son is not entitled to anything for this item."

An exception was taken to this instruction, and error is assigned upon it; and it is claimed that "the jury, under this charge, must find that plaintiff had *expressly* given the son his time to entitle him to his own earnings. It left out of the case entirely *inferences* the jury had a right to draw from the acts and conduct of the father, and was not a correct statement of the law."

We do not think the charge is open to the criticism quoted above from defendant's brief. The circuit judge told the jury that the question was left for them to determine from the testimony. This certainly left the jury to draw all proper inferences from the acts and conduct of the parties. Moreover, the only testimony introduced or relied upon by the defendant of the right of the defendant to the wages

earned, was an express promise or consent of the father that he should have his time and be entitled to receive these wages. There was no error in this portion of the charge.

Defendant's counsel requested the court to instruct the jury—

" That, in order for a father to collect from a son, or a son to collect from a father, there must be an express promise on the part of the party from whom payment is sought, and this must be shown by affirmative proof ; that the presumption is against the theory of contract relations between members of the same family. Any money or property paid or given by a father to a son cannot be recovered back ; that all items in the plaintiff's account, where there is not an express promise to pay shown by affirmative proof, must not be considered by the jury and charged against the defendant in making their verdict ; that when the relation of father and son exists, clear, direct, and positive proof of some contract must be given or there can be no recovery ; that such contract cannot be raised or shown by implication ; that the presumption is against any such contract between father and son, instead of in favor of it, as in other cases."

The court gave the following instructions to the jury :

" The relations that exist between these parties are those of father and son, and as such they should be considered in this case. During a portion of the running of these accounts the parties were members of the same family, and when this relation exists between parties, father and son, I think, and I concur with defendant's counsel, and charge you, that under such circumstances the law will raise no implied promise to pay on the part of either party for those things that the other furnishes him in consequence of that relation, and without any agreement to pay ; and that agreement must be positive, and established in court by affirmative testimony introduced in court. This principle applies to both plaintiff and defendant, so that should you find that any money or board or work or other things were furnished by either the plaintiff to the defendant, or by the defendant to the plaintiff, in consequence of this relationship of father and son, and there is no positive agreement established by positive testimony, or circumstantial evidence of equal testimony to positive testimony, it should be rejected."

The defendant contends that these instructions do not fairly

cover the requests made by him, in two respects : (1) That say-
ing, " the law would raise no implied promise on the part of
either party to pay for those things that the other furnishes
him in consequence of the relation, and without any agree-
ment to pay," is not equivalent to saying that " any money
or property paid or given by a father to a son cannot be
recovered back."

Counsel do not state, nor is our attention called to any
evidence showing, that any money or property was paid or
given by the plaintiff to the defendant which he has sought
in this action to recover back.  The charge as given was
applicable to the testimony introduced before the jury, and
was sufficiently definite to enable the jury to determine the
merits of the controversy.

(2) The defendant's counsel claim that the court erred in
stating to the jury that, should they find that any money or
board or work or any other things were furnished by either the
plaintiff to the defendant, or by the defendant to the plaint-
iff, in consequence of this relationship of father and son, and
there was no positive agreement established by positive testi-
mony, or circumstantial evidence of equal testimony to posi-
tive testimony, it should be rejected.   They contend that this
charge is too restrictive when applied to the claim of the son
to recover from his father for money lent or for property
sold to him.

But we think this portion of the charge fairly embodies
the spirit of the defendant's requests to charge, and was aptly
framed to exclude presumptions of a contract, and is no
broader than the defendant's eighth, ninth, and tenth requests,
which it was evidently designed to cover, viz.:

" That when the relation of the father and son exists, clear,
direct, and positive proof of some contract must be given, or
there can be no recovery ; that such contract cannot be raised
or shown by implication, and the presumption is against any
such contract between father and son, instead of in favor of
it, as in other cases."

If this is good law when applied to the father's claim
against his son, no reason is perceived why it is not equally

.as good when applied to the claim of the son against the father.

The charge covered all the issues in the case, and, in our opinion, was as favorable to the defendant as he had the right to ask.

The judgment must be affirmed.

The other Justices concurred.