NATIONAL BOND & INVESTMENT CO. *v.* UNION INVEST-
MENT CO.

1. CHATTEL MORTGAGES—CONDITIONAL SALES CONTRACT.
Where dealer sold automobile covered by floor-plan mortgage
on conditional sale contract, title so retained remained subject
to mortgage.

2. SAME—SALES.
Where dealer sold automobile covered by recorded floor-plan
mortgage on conditional sale contract, and then assigned said
contract, assignee thereof acquired no rights beyond those
of mortgagor, which remained subject to mortgage.

Appeal from Wayne; Campbell (Allan), J.  Sub-
mitted June 7, 1932.  (Docket No. 4, Calendar No.
35,613.)  Decided October 3, 1932.

Two cases of replevin in common pleas court
by National Bond & Investment Company, a Dela-
ware corporation, as chattel mortgagor's assignee,
against Union Investment Company, a Michigan
corporation, mortgagee, for possession of repos-
sessed automobiles.  Judgments for plaintiff.  De-
fendant appealed to circuit court.  Cases consoli-
dated for hearing.  Judgments for plaintiff.  De-
fendant appeals.  Reversed, and judgments ordered
entered for defendant.

*David I. Hubar* and *John W. Creekmur,* for plain-
tiff.

*Butzel, Levin & Winston* (*Morris W. Stein,* of
counsel), for defendant.

WIEST, J. Defendant, a finance corporation, furnished a dealer with automobiles on the floor plan, so-called, and accepted and duly recorded a chattel mortgage on each car. The dealer sold one of the mortgaged automobiles to Vaughn Harrison under a conditional sales contract and note and then assigned the contract and note to plaintiff. Defendant seized the. automobile under its chattel mortgage, and plaintiff replevined and had judgment. Defendant reviews by appeal, presenting the issue of right of priority between the two finance corporations. Rights of the purchaser of the car from the dealer are not here in issue or presented.

It is stipulated that:

"The term floor-plan mortgage as used herein means a mortgage given by an automobile dealer to a finance company or some other person, to secure the repayment of money loaned to, or advanced for said dealer, to enable him to keep a stock of cars on hand. The floor-plan mortgage covers cars kept on the sales-room floor of the dealer for the purpose of exhibition and sale at retail to his customers in the usual course of the dealer's business. The mortgagor named in a floor-plan mortgage retains possession of the mortgaged property and has a right to keep it on his sales-room floor and to exhibit such property and to make sales thereof, but it is understood between the mortgagor and the mortgagee named in such mortgages that the mortgagor shall pay off and discharge the floor-plan lien on each car at or before the time of the sale thereof."

Plaintiff contends that, by filing the mortgage in the office of the register of deeds, in addition to filing it with the city clerk, the mortgagee thereby gave notice that it operated as a mortgage upon property for resale at retail.

The statute, 3 Comp. Laws 1929, § 13424, after providing for filing in a municipal office, provides:

"That, when such mortgage or other conveyance intended to operate as a mortgage is given upon a stock of merchandise or merchandise and fixtures or any part thereof purchased for sale at retail then such instrument or a true copy thereof   *   *   * shall also be filed in the office of the register of deeds of the county where the goods and chattels are located."

We need but say that, under the conditional sales contract, the mortgagor retained title to the car. Such title, so retained, remained subject to the mortgage. Plaintiff, under the assignment of the conditional sales contract, acquired no rights beyond those of the mortgagor, its assignor. The assignment of the conditional sales contract was subject to the rights of the purchaser, Harrison, but such rights, if any, did not pass to plaintiff. Plaintiff acquired only the rights of its assignor, the mortgagor, and such rights are subject to the mortgage lien.

Two cases, with identical issues, are here presented, and this opinion also decides the other case of *The National Bond & Investment Co.* v. *Union Investment Co.*

The judgments are reversed, with costs, and the cases remanded to the circuit court with direction to enter judgments for defendant.

Clark, C. J., and McDonald, Potter, Sharpe, North, and Fead, JJ., concurred. Butzel, J., did not sit.