CHEFF *v.* HAAN.

1. VENDOR AND PURCHASER—NOTICE OF FORFEITURE—WAIVER.
   Vendor under land contract who accepts payments thereunder after having given notice of forfeiture waived right to stand upon such notice.

2. MORTGAGES—LIENS—VENDOR AND PURCHASER.
   Plaintiffs who made loans to purchasers under land contracts for improvement purposes and repayment thereof was secured by right to redeem from purchasers' default and subrogation to purchasers' rights under the contract *held,* not entitled to mortgage lien on the premises.

3. LIENS—NATURE.
   A lien is not a collateral contract but is a right or claim against some interest in property created by law as an incident of the contract.

4. SAME—CREATION—STATUTE OF FRAUDS.
   Liens upon real estate may be created only in writing or by operation of law (3 Comp. Laws 1929, § 13411).

5. SAME—EQUITY—FRAUD—ACCIDENT—MISTAKE.
   Equity will create a lien only in those cases where the party entitled thereto has been prevented by fraud, accident or mistake from securing that to which he was equitably entitled.

6. SAME—EQUITY—ADVANCES FOR IMPROVEMENTS.
   An equitable lien does not arise in favor of one who advances money to make improvements upon real estate though there was an understanding at the time a lien should be given upon the property improved.

7. SAME—WRITTEN CONTRACT—INTENT—SECURITY.
   To create an equitable lien upon real estate, there must be a written contract indicating an intention to make particular property identified therein security for the obligation, or such contract must contain promise to assign, transfer or convey the property as security.

8. Same—Equity.

  Equity from the relations of the parties, may declare an equitable lien out of considerations of right and justice, based upon the fundamental principles of equitable jurisprudence.

9. Same—Burden of Showing Equity.

  Person, seeking to establish lien, must show that in equity, in good conscience, he is entitled thereto.

10. Same—Election of Claimant to be Bound.

  An equitable lien cannot arise where the party advancing the money could elect whether he would, or would not, be bound.

11. Same—Vendor and Purchaser—Waiver.

  Land contract vendors' consent to waive strict performance by, and indulgence to, vendees, consenting to repayment of sums loaned latter by plaintiffs to improve the property, extension of time of payment and forbearance in insisting on strict legal rights, does not create an equitable lien in favor of plaintiffs.

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 4, 1934. (Docket No. 95, Calendar No. 37,910.) Decided December 10, 1934. Rehearing denied January 29, 1935.

Bill by Katherine Nystrom Cheff and Louise Landwehr, joint executrixes of the estate of John P. Kolla, deceased, against Gilbert T. Haan and wife, Henry W. Wilson and wife, and James Yonkman and wife to establish and foreclose a mortgage lien. Bill dismissed. Plaintiffs appeal. Affirmed.

*Thomas N. Robinson* and *Elbern Parsons,* for plaintiffs.

*Arthur VanDuren,* for defendants Haan.

*Diekema, Cross & Ten Cate,* for defendants Wilson and Yonkman.

Potter, J. Gilbert T. Haan and Anna Haan owned the premises in controversy here. April 16, 1925, they sold the same on a land contract to Henry

W. Wilson and James Yonkman for $60,000. Vendees took possession. Wilson and Yonkman, vendees under this land contract, desired to improve and remodel the buildings situated on the premises and to borrow the sum of $30,000 therefor. A contract was entered into with one John P. Kolla whereby Kolla was to loan Wilson and Yonkman $30,000. To secure the repayment of this $30,000, Wilson and Yonkman assigned to Kolla their vendees' interest under the land contract. This contract of assignment provided for the forfeiture of the rights of Wilson and Yonkman in case default was made in the payments agreed to be made to Kolla; and also that if Wilson and Yonkman defaulted in their payments to Haan and wife, Kolla could make the payments upon Haan's contract and be subrogated to the rights of Wilson and Yonkman. Upon the performance of the contract between Wilson and Yonkman and Kolla, Kolla agreed to quitclaim his interest to Wilson and Yonkman. Haan and wife, the owners of the premises, agreed to accept notice of, and consent to the assignment of the land contract by Wilson and Yonkman to Kolla as security; and the contract entered into between all the parties providing as above also contained a provision that that contract was not to vary the rights of the parties under the land contract under which Haan and wife agreed to sell to Wilson and Yonkman. Kolla advanced the sum of $30,000 April 2, 1926; and subsequently Kolla advanced an additional $16,500 for the purpose of completing the remodeling and decorating of the buildings on the premises in question. It is claimed there was an agreement at this time by which Haan agreed the income to be derived from the premises was to go to Kolla, and consented to accept the interest upon his contract only. The parties were for

some time fairly prosperous and Kolla's indebtedness was reduced to $23,000. Wilson and Yonkman defaulted in the payments to be made upon their contract and in the payment of the taxes upon the premises, and Haan served notice of forfeiture upon Wilson and Yonkman and also upon the estate of John P. Kolla, who, in the meantime, had died.

It is claimed Wilson and Yonkman surrendered to Haan their interest in the premises, and thereafter held as tenants. Whether they did so or not, after the notice of forfeiture was served, payments were made upon the contract to Haan and he accepted these payments and, consequently, waived the right to stand upon the notice of forfeiture.

This bill is filed by plaintiffs as joint executrixes of the estate of John P. Kolla, deceased, against Haan and wife, Wilson and wife, and Yonkman and wife, to establish and foreclose a mortgage lien upon the real estate owned by Haan and wife.

Plaintiffs are not entitled to a mortgage lien. The contracts entered into between the parties indicate they were drawn with the clear intent that the dealings between Wilson and Yonkman and Kolla should not in any way affect the rights of Haan under his land contract. Under the contracts made between the parties, which were reduced to writing, it is clear the plaintiffs have a right to redeem from the default of Wilson and Yonkman by making payments upon the original land contract of the amount due to Haan. This they may do, (a) by adding the amount to be paid by them to Haan to the amount due from Wilson and Yonkman to them as representatives of the estate of Kolla; or (b) they may be subrogated under the terms of the contracts made between the parties to the rights of Wilson and Yonkman under

the land contract in which Wilson and Yonkman were vendees.

Defendant Yonkman, before this suit was commenced, transferred his vendee's interest under the land contract with Haan and wife to one Con DePree, who was afterwards adjudicated a bankrupt and whose estate is not made a party to this suit. By stipulation, defendants Yonkman were dismissed.

The trial court found no equitable lien or mortgage existed as to defendants Haan in favor of plaintiffs whereby the premises described in the bill of complaint were to secure the repayment of sums remaining unpaid to plaintiffs under the contract of April 2, 1926, with John P. Kolla; no agreement existed with plaintiffs on the part of defendants Haan or defendants Wilson requiring payment to plaintiffs of all of the proceeds of the premises after interest, taxes, insurance and other expenses had been paid; there had been a waiver of any forfeiture of plaintiffs' interest in the premises, or in the contract of April 2, 1926; plaintiffs were entitled to notice from defendants Haan of defaults that had occurred under the contract of April 16, 1925, of the nature and extent of such defaults, and to a reasonable time to make up such defaults and add the sums so expended therefor to the indebtedness due plaintiffs from defendants Wilson, or to be subrogated to defendants Wilson's rights under the contract, which time was fixed as within 90 days from the date of such notice; the amount now in default is $3,751.02 for interest and taxes, there being no default in principal payments under the contract of April 16, 1925, the same having been waived by defendants Haan until January 1, 1935; there is

due and payable to defendants Haan the sum of $25.17 from plaintiffs, representing items of costs agreed upon; Act No. 122, Pub. Acts 1933, is not applicable; and dismissed the bill of complaint, as to defendants Yonkman, without costs, and as to defendants Wilson, with costs to be taxed, and as to plaintiffs and defendants Haan, found neither was entitled to recover costs. Plaintiffs appeal.

A lien is not a collateral contract. It is a right or claim against some interest in property created by law as an incident of the contract. *Town of Pelham* v. *Schooner B. F. Woolsey,* 3 Fed. 457.

Under the statutes of this State, contracts in relation to and liens upon real estate may be created only in writing or by operation of law. 3 Comp. Laws 1929, § 13411.

Equity will create a lien only in those cases where the party entitled thereto has been prevented by fraud, accident or mistake from securing that to which he was equitably entitled. An equitable lien does not arise in favor of one who advanced money to make improvements upon real estate though there was an understanding at the time a lien should be given upon the property improved. Jones on Liens (3d Ed.), § 70; *Printup* v. *Barrett,* 46 Ga. 407.

In order to lay the foundation for an equitable lien upon real estate, there must be a contract in writing out of which the equity springs, indicating an intention to make particular property identified in the written contract security for the debt or obligation, or whereby it is promised to assign, transfer or convey the property as security. In the absence of such written contract, equity from the relations of the parties may declare an equitable lien out of considerations of right and justice based upon the fundamental principles of equity juris-

prudence, such as cases where one joint owner improves property for the benefit of both; where a party innocently makes permanent improvements and repairs which presently enhance the value of the property; but in all cases, the person seeking to establish the lien must show that in equity, in good conscience, he is entitled to the lien claimed. *Kelly* v. *Kelly,* 54 Mich. 30; 3 Pomeroy Equity Jurisprudence (4th Ed.), §§ 1233, 1234, 1238 and 1243.

"It is only to prevent fraud and subserve justice that equity engrafts the wholesome provisions of subrogation or of equitable lien upon a transaction; and it should never be done where it would work injustice." *Kelly* v. *Kelly, supra.*

From the very nature of an equitable lien, it cannot arise where the party advancing the money could elect whether he would, or would not, be bound.

Kolla was under no obligation to loan the money which he advanced. He could loan it, or not loan it, as he pleased. He could loan it upon whatever security was available. The terms of payment and his rights or remedies on default were all the subject of a written contract. Kolla was not interested in the original contract between Haan and wife and Wilson and Yonkman. In the contract under which Kolla loaned and advanced $30,000 to Wilson and Yonkman, they contracted and agreed to repay him. Wilson and Yonkman, as collateral security for the payment of that money, assigned to Kolla all of their vendees' interest in the land contract with Haan and wife, and also quitclaimed any interest that might have been conveyed or claimed under such land contract by quitclaim deed. In case of default in payment by Wilson and Yonkman, Kolla could forfeit their interest in the land contract, and Kolla could redeem to Haan and wife the default of

Wilson and Yonkman and add the sum paid to redeem from such default to the amount due upon the contract. The contract gave Kolla the option to take over Wilson's and Yonkman's interest and be subrogated to their rights; or to redeem the default and add it to the sum secured by the collateral turned over to him by Wilson and Yonkman. Haan and wife consented to this arrangement, being careful in the contract to provide that nothing therein contained should vary the terms of the original contract between Wilson and Yonkman and themselves.

After default was made in the payments due to Haan and wife from Wilson and Yonkman, notice of forfeiture was given, and then plaintiffs filed this bill of complaint, claiming that Haan had consented to waive the strict performance of the contract by Wilson and Yonkman in order that Kolla might be paid. Neither Kolla nor his estate were misled to their injury.

By reason of the previous conference claimed to have occurred, in which Haan consented that the parties should pay Kolla, Kolla and his estate were benefited and obtained payments of more money than they otherwise would have obtained. This arrangement was one for the benefit of Kolla. It was not for the benefit of or in the interest of Haan and wife. Kolla thereby obtained repayment of the total sum of $16,500 for which he had no security, and payments which reduced the principal sum of $30,000 upon a secured claim to $23,000, without any payments being made to Haan and wife upon the principal due upon the contract.

Consent upon the part of Haan and wife to waive the strict performance of their contract, indulgence upon their part to Wilson and Yonkman, consent that Kolla be paid in preference to themselves, ex-

tension of the time of payment, forbearance in insisting upon their strict legal rights does not create an equitable lien upon their property. There may have been a waiver upon the Haans' part as to the time of payment of amounts due upon the principal of their contract, but there was no discharge of the debt.

We find no basis for an equitable lien, think the trial court was right in holding that by accepting payments after notice of forfeiture Haan waived his right to insist on forfeiture based upon that notice, that the decree of the trial court was correct, and it is affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.