## STEGGALL *v.* STEGGALL.

1. ACCOUNTING—PARENT AND CHILD—APARTMENT HOUSE.
    In suit for accounting by married son against widower father, all items of maintenance and upkeep of three-family apartment house while parties were living together as members of the same household *held,* properly denied.

2. PARENT AND CHILD—BOARD AND CARE—PRESUMPTIONS.
    In the absence of an agreement to pay, the presumption is that services rendered by a son in boarding and caring for his aged father and in maintaining the home are gratuitous.

3. LIENS—BURDEN OF SHOWING EQUITY.
    Person, seeking to establish an equitable lien, must show by satisfactory proof that in equity, in good conscience, he is entitled thereto.

4. SAME—EVIDENCE—ACCOUNTING—PARENT AND CHILD.
    In suit by married son against widower father for accounting as to moneys paid for remodeling of father's home into three-family apartment in which the parties lived for a time as members of one household, plaintiff *held,* not to have sustained burden of proof justifying imposition of equitable lien for net amount to which trial court found plaintiff entitled.

Appeal from Bay; Houghton (Samuel G.), J. Submitted July 19, 1935. (Docket No. 82, Calendar No. 38,444.) Decided January 31, 1936.

Bill by Marshall Steggall against Nathaniel Steggall for an accounting, to have an equitable lien impressed upon property, for an injunction and other relief. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*Carl H. Smith,* for plaintiff.

*Gilbert W. Hand* and *Harold J. Hand,* for defendant.

BUSHNELL, J.   This is a bill for an accounting filed by plaintiff, aged 40 and an only child, against his father, aged 82 and a widower, as to moneys paid for the remodeling of defendant's home into a three-family apartment, together with additional moneys paid for maintenance, repairs, taxes and upkeep of the premises, as well as for necessaries furnished both the father and mother, plaintiff claiming an equitable lien upon the lands and premises described therein.

The home in which the parties resided for many years was purchased by defendant in 1906 and title was held jointly by the father and mother until the latter's death in 1926.   According to plaintiff, the oral agreement upon which his claim is based was made in 1925 and renewed in 1928, after the mother's death.   Defendant admits that practically all the funds were provided by plaintiff, but he denies the existence of an agreement, oral or otherwise.   He makes no explanation of the unusual transaction except that plaintiff and his wife were to live in part of the premises and he expected to have a good home

with them. Disagreements between the two families living under the one roof resulted in defendant leaving the home and plaintiff filing the bill.

The unsatisfactory record consists of the usual broad claims and strenuous denials, seasoned with charges and counter-charges that have no bearing on the real issue. During the period covered by the testimony, no records were kept by either party covering either expenditures made or rentals received, nor are there any writings bearing on the claimed agreement that the son was to pay the expenses of remodeling, the general upkeep and maintenance of the premises, and provide a home for the father until his death when the subject-matter of the controversy was to become the property of the son.

The trial judge found that the son had expended $9,640 and received rentals of $4,320; he then charged plaintiff $418 for the rental value of his apartment; $950 for cash received from either the father or mother or the proceeds of assurance, and deducted $704 for moneys withdrawn from the father's bank account, determining the balance in plaintiff's favor to be $3,248. All items of maintenance and upkeep while the parties were living together as members of the same household were properly denied. In the absence of an agreement to pay, the presumption is that gratuitous services are rendered by a son in boarding and caring for his father and in maintaining the home. *Allen* v. *Allen,* 60 Mich. 635, and *In re DeHaan's Estate,* 169 Mich. 146.

The decree entered below provides that plaintiff have an equitable lien to secure the sum of $3,248, payable, however, at defendant's death, but that defendant have possession, occupancy and control of the premises subject to the lien and that plaintiff surrender possession upon demand by defendant. This

would be a rather satisfactory settlement of an unfortunate and disagreeable situation if it were supported by sufficient proofs. In *Osgood* v. *Osgood,* 78 Mich. 290, we allowed an equitable lien under somewhat similar circumstances but in that case the testimony was convincing and some correspondence was produced tending to show the facts. In the case before us, however, no records were kept by either party. The only written testimony produced consisted of some withdrawal vouchers and entries in a savings bank book.

We indicated in *Cheff* v. *Haan,* 269 Mich. 593, 599, some of the conditions upon which a court of equity will create a lien upon real estate in the absence of a written contract, saying:

"In all cases the person seeking to establish the lien must show that in equity, in good conscience, he is entitled to the lien claimed."

The proofs should be satisfactory and not leave the result to conjecture or guess. We are neither satisfied nor convinced by plaintiff's testimony. He did not sustain the burden of proof. We find no justification, under the evidence in this case, for fastening an equitable lien upon the property of defendant.

The bill is dismissed, with costs of both courts to appellant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and POTTER, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.