KACHMAN v. SAGO.

1. EQUITY—INJUNCTION—JURISDICTION.
   Equity court has jurisdiction to determine all essential elements in dispute in suit to enjoin defendant tenants from removal of furnace, stoker and other equipment from leased premises.

2. SAME—AFFIRMATIVE RELIEF—CROSS BILL.
   General rule that defendant in equity suit is not entitled to affirmative relief unless he files a cross bill is subject to exception that plaintiff may be required to do equity as a condition precedent to obtaining all or part of the relief he seeks regardless of the pleadings in the case.

3. LANDLORD AND TENANT—INJUNCTION—EQUITY.
   Plaintiff landlords in their suit to enjoin tenants from removal of heating equipment were properly subjected to lien in favor of defendant tenants for portion of cost of installation of new heating equipment representing difference between cost of new equipment and repair of the old equipment on the premises, where new equipment was installed by tenants at insistence of landlords who promised, as a consideration for installation of new equipment, to renew lease which was to expire 5 months later, but failed to do so, since he who seeks equity must do equity.

4. LIENS—EQUITABLE LIENS—EQUITY.
   An equitable lien may be declared by a court of equity out of considerations of right and justice arising from the relations of the parties to the case.

REFERENCES FOR POINTS IN HEADNOTES
[3, 4] 27 Am Jur, Improvements § 30; 33 Am Jur, Liens § 21.

Appeal from Wayne; Brennan (John V.), J. Submitted October 11, 1951. (Docket No. 83, Calendar No. 45,247.) Decided December 3, 1951.

Bill by Nick Kachman and wife against Anna Sago and others to restrain removal of furnace and other items from plaintiffs' premises. Cross bill by defendant Anna Sago against plaintiffs to restrain plaintiffs from evicting her. Decree for plaintiffs which gave defendant Anna Sago a lien on the property. Plaintiffs appeal. Affirmed.

*Meyer R. Rubin,* for plaintiffs.

*Michael A. Guest,* for defendant Anna Sago.

BOYLES, J. Plaintiffs, as owners of a store building in Detroit, filed the bill of complaint in this case to enjoin the defendants from removing a furnace and stoker and other property from said building, on the ground that said property was a part of the real estate. Defendants Anna and Paul Sago filed an answer, and defendant Anna Sago, the lessee of said premises, filed a cross bill in which she claimed that she had been induced to install the furnace and other property mentioned in plaintiffs' bill of complaint on the promise and representations of plaintiffs that her lease would be renewed or that otherwise she would be allowed to remove the property from the building; that it would be a great fraud to allow plaintiffs to terminate her tenancy and evict her from the premises before determination whether said property was personal property or whether she might remove it. Notice to terminate her tenancy had been given Anna Sago that her lease would not be renewed.

The defendants were temporarily enjoined from removing the property from the building, and the

plaintiffs were also temporarily enjoined from dispossessing the lessee or evicting the defendants from the premises until adjudication was made by the court as to defendant-cross-plaintiff Anna Sago's right to remove said property from the building. Subsequently, on motion of the plaintiffs, the court entered an order dismissing the cross bill but in said order reserved for the defendants Anna and Paul Sago the right to an adjudication by the court as to their claim to the property. The order recited:

"IT IS FURTHER ORDERED that the defendants shall reserve the right to their claim to the items mentioned in plaintiffs' bill of complaint at the time of the trial without prejudice because of removal prior to the time of trial."

By concessions made at the trial, the only item in the bill of complaint left for consideration by the court was the boiler which cross-plaintiff Anna Sago had installed in the heating unit in the building. The circuit judge, after the taking of testimony, entered a decree holding that said boiler was part of the realty and enjoined the defendants from removing it. The court further decreed that the plaintiffs were indebted to cross-plaintiff Anna Sago in the sum of $663.75 by reason of the installation of said boiler. From the latter provision of the decree the plaintiffs appeal.

The only question for our determination is whether the trial court under the pleadings and the circumstances of the case had the right to grant the defendant and cross-plaintiff Anna Sago $663.75 by reason of her having installed the boiler. The first floor of the building was used by the lessee as a beer garden. Defendants Sago lived in the upstairs apartment. Anna Sago, lessee, had been in possession of the premises for nearly 4 years, under written lease, in which she was required "to keep the premises,

including the equipment and fixtures of every kind and nature, during the term, in as good repair and at the expiration thereof yield and deliver up the same in like condition as when taken, reasonable wear thereof and damage by the elements excepted. * * * The tenants agree that during the life of this lease they will make, at their own cost and expense, all such necessary repairs, interior and exterior, which is necessary to keep this building in a good, tenantable condition."

On December 26, 1948, about 5 months before the end of the 2-year term of the lease, the boiler, which was a necessary component of the heating system, cracked and the heating system went out of commission. That had happened once before and the boiler had been welded and repaired. There were conferences between the parties. The boiler could be repaired and put into commission again for around $400 or $500. The lease would expire in about 5 months and defendants proposed to have the repairs made, while the plaintiffs wanted a new boiler installed. The record supports the conclusion of the trial court that the plaintiffs promised to renew the lease if the defendants would install a new boiler. The court properly found:

"The issue finally centered in the matter of agreement and understanding of the parties relative to repairing the old boiler or installing a new one. The upshot of it was, that Mr. Sago claimed he would put in a new boiler at his own expense if plaintiffs would renew his lease, and that plaintiff Mr. Kachman told him that he would so renew the lease and that he, the plaintiff, wanted a new boiler."

No question is raised but that Paul Sago was acting for his wife Anna Sago, the lessee. The new

boiler was installed, and finally paid for by defendants Sago at an expense of $1,327.50.*

Appellants claim that the court had no right to grant affirmative relief to cross-plaintiff Anna Sago. That claim obviously ignores the fact that the right of said cross-plaintiff to claim the boiler was expressly left in the case for adjudication in the court's order dismissing her cross bill, without prejudice of removal prior to trial. Defendant Andrew Gabor, the contractor who installed the boiler, had not been paid. He claimed the right of removal unless he was paid. The cross-plaintiff paid him in full and thus took him out of the case as a party defendant.

Under the circumstances, cases cited by appellants holding that affirmative relief will not be granted defendants in the absence of a cross bill are not controlling. The chancery court had jurisdiction to decide all the essential elements in dispute in the case. Controlling of decision is our conclusion in *Lau* v. *Stack,* 269 Mich 396, stated as follows (syllabus):

"General rule that defendant in equity suit is not entitled to affirmative relief unless he files a cross bill is subject to exception that plaintiff may be required to do equity as a condition precedent to obtaining all or part of the relief he seeks regardless of the pleadings in the case."

Plaintiffs seek the aid of the equity court, to allow them to retain the new boiler as a part of the realty, notwithstanding their promise to renew the lease if the lessee would install a new boiler instead of repairing the old one. They expect equity to ignore their promise, and to reap the benefit of having a new boiler. The defendants could have fulfilled their obligations under the lease by repairing

---

* The reason for the difference between this cost and the decree allowing cross-plaintiff only half of it is not an issue before us on the appeal.

the old boiler at an expense of less than $500. Relying on plaintiffs' promise to extend the term of the lease, the defendants expended more than twice that sum by installing a new boiler. It would plainly be contrary to equity and good conscience to decree to plaintiffs the entire benefit of such expenditure while the defendants Sago are deprived of any further use of the building or the boiler. He who seeks equity must do equity.

We see no substantial merit in appellants' claim that the court was without power to decree a lien on the property to secure payment to defendant Anna Sago.

"Equity from the relations of the parties may declare an equitable lien out of considerations of right and justice based upon the fundamental principles of equity jurisprudence." *Cheff* v. *Haan,* 269 Mich 593.

Affirmed. Costs to appellees.

REID, C. J., and NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.