## DRETTMANN v. MARCHAND.

1. AUTOMOBILES—CERTIFICATE OF TITLE—GOOD-FAITH PURCHASERS.
   Appellants could not be good-faith purchasers of automobile, where they knew ·they could not acquire title to it without delivery of the certificate of title from .the then holders of the title properly indorsed and that plaintiffs declined to deliver the certificate of title then in their possession as security for repayment of loan (PA 1949, No 300, § 233).

2. SAME—TRANSFER OF TITLE—STATUTES.
   Transfer of title of an automobile cannot be effected without compliance with the pertinent statute (PA 1949, No 300, § 233).

3. LIENS—EQUITY—AUTOMOBILES—TITLE.
   The imposition of an equitable lien on automobile, owned by defendant debtors, and proceeds of sale thereof by transferees of such debtors, foreclosure of lien and decree for money damages for sums loaned debtors *held*, fully justified, where it is clear the debtors did not intend to give a lien as they had agreed to do, and such transferees deliberately sold the car without having acquired title thereto (PA 1949, No 300, § 233).

4. SAME—EQUITY.
   Equity, from the relations of the parties, may declare an equitable lien out of considerations of right and justice, based upon the fundamental principles of equitable jurisprudence.

---

* Continued from Volume 336.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 46 Am Jur, Sales §§ 5, 35.
[1, 2] Civil rights and· liabilities as affected by failure to comply with statute upon sale of motor vehicle. 37 ALR 1465; 52 ALR 701; 63 ALR 688.
[3, 4] 33 Am Jur, Liens § 21.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 15, 1953. (Docket No. 61, Calendar No. 45,824.) Decided June 8, 1953.

Bill by Ed Drettmann against George N. Marchand and others to establish an equitable lien on an automobile and injunction. Decree given plaintiff on proceeds of sale and money decree. Defendants Ford appeal. Affirmed.

*John P. O'Hara, Jr.,* for plaintiff.

*Hugh K. Davidson* and *George H. Cholack,* for defendants Ford.

CARR, J. Plaintiff brought suit in circuit court for equitable relief by way of an injunction and asking that an equitable lien be declared on a certain Cadillac automobile allegedly owned by defendants Marchand and on the proceeds received from the sale of such car by defendants Ford. The calendar entries in the record indicate that defendant George N. Marchand was defaulted. The other defendants filed answers denying plaintiff's right to the relief sought. Following a trial the circuit judge determined the issues of fact in accordance with the claims of the plaintiff and granted relief accordingly. Defendants Ford have appealed.

The trial judge set forth in his decree the material facts established by the proofs. On October 12, 1949, defendants Marchand owned a 1948 Cadillac automobile on which the Associates Discount Corporation of Detroit held a chattel mortgage in process of foreclosure. George N. Marchand sought to obtain from plaintiff a loan to be used for the satisfaction of the lien of the mortgagee, which was claimed to be in the sum of $1,680. It was agreed between Mr. Marchand and plaintiff that the latter

would advance the sum of $1,394, for which amount a note was given to him, said note being signed by Mr. Marchand who claimed to be the owner of the car. The sum of $276 was turned over to the plaintiff by Marchand, and plaintiff wrote a check to the Associates Discount Corporation in the sum of $1,670 which was certified by his bank. On presentation of the check to the mortgagee Marchand and plaintiff were informed that there was·an additional charge in the sum of $30 which would have to be paid. Plaintiff advanced $20 of this amount on the assurance of Marchand that it would be repaid to him immediately. The Associates Discount Corporation thereupon executed a discharge of its lien and a receipt for the money paid to it, turning over said papers together with a certificate of title to the car to Marchand, who, pursuant to prior agreement, handed them to plaintiff.

Based on the testimony of plaintiff, the trial judge concluded that the parties had agreed to the execution of a chattel mortgage on the car as security for the payment of the note, with the further agreement that pending the execution of such mortgage plaintiff should retain the certificate of title and discharge of lien executed by the Associates Discount Corporation. Marchand was not a witness on the trial, and the testimony of plaintiff as to the nature of the agreement made at the time of the loan was uncontradicted.

On examining the certificate of title, immediately following its receipt by him, plaintiff discovered that the title to the car was in the names of George N. Marchand and his wife, Suzanne J. Marchand.. Such situation being pointed out to Mr. Marchand he assured plaintiff that the mortgage would be executed by himself and Mrs. Marchand. However, such agreement was not kept. The conclusion is fully warranted from the proofs in the case that Mr. Mar-

chand did not intend at the time he made the agreement to give plaintiff a lien on the car.

On or about October 20, 1949, plaintiff by letter advised the office of the secretary of State with reference to the transaction, stating that he had the certificate of title to the car and that he doubted Mr. Marchand's intent to fulfill the obligation assumed by him. He requested that a "stop order" for a transfer of title or the issuance of a new title to Mr. Marchand be placed in the files in the secretary of State's office. In reply plaintiff was advised that such action would be taken. A few days later Mr. and Mrs. Marchand took the automobile in question to the used-car lot operated by defendants Ford as copartners under the name of Fred Ford & Son, and entered into an arrangement to sell the vehicle to them for the sum of $800, or approximately that amount, and a 1949 Ford automobile. It was represented to appellants, as they claim, that Mr. and Mrs. Marchand had lost their certificate of title and for that reason could not make delivery thereof. The Marchands signed an application for a duplicate which was forwarded to the office of the secretary of State. Defendants Ford were promptly advised that the certificate of title was in the possession of plaintiff and that a duplicate could not be issued. Thereupon appellants contacted plaintiff by telephone and were further informed with reference to the transaction and the conduct of Marchand.

It is the claim of appellants that on the 10th of November they sold the Cadillac automobile to a party in Florida, the transaction being made by telephone. It is their further claim that at the time they made such sale they had not been advised as to the true reason for the failure of Mr. and Mrs. Marchand to deliver to them a certificate of title. According to the proofs on the trial the Cadillac, immediately following this sale, was turned over

to the Hayes Automobile Delivery Service in Detroit for transportation to Florida. It is conceded that the car remained in Detroit until after appellants were advised by the secretary of State and by plaintiff as to the situation. No attempt was made to regain possession of it. It should be noted further that the check given by appellants as part payment for the Cadillac was made payable to Suzanne Ellis, which was the maiden name of Mrs. Marchand. The application for title to the Ford car was signed in the name of Suzanne Ellis. It was appellants' claim on the trial that Mr. and Mrs. Marchand asked that the matter be so handled "for business reasons." Payment for the Cadillac was made to appellants in January, 1950, by the Florida purchaser. Defendant Fred Ford, testifying as a witness in the case, stated that Florida was one of several States in which ownership of an automobile may be transferred by bill of sale without delivery of a certificate of title.

Based on our consideration of the record in the case we are in accord with the conclusions of the trial judge that there was a deliberate plan or purpose on the part of George N. Marchand to defraud the plaintiff, and that under the admitted circumstances the appellants were not in position to claim that they were good-faith purchasers. They knew that they could not acquire title to the Cadillac without delivery to them of a property-indorsed certificate. The motor vehicle code of the State, PA 1949, No 300, provides in section 233(d) (CL 1948, § 257.233 [Stat Ann 1952 Rev § 9.1933]), as follows:

"The owner shall endorse on the back of the certificate of title an assignment thereof with warranty of title in the form printed thereon with a statement of all liens or encumbrances on said motor vehicle, sworn to before a notary public or some other person authorized by law to take acknowledgments, and

deliver the same to the purchaser or transferee at the time of the delivery to him of such motor vehicle, which shall show the payment or satisfaction of any mortgage or lien as shown on the original title."

By section 239 of the code (CL 1948, § 257.239 [Stat Ann 1952 Rev § 9.1939]) it is declared to be a misdemeanor for any person to fail or neglect to properly indorse and deliver a certificate of title to a transferee to whom such delivery is required. This Court has repeatedly held that transfer of title of an automobile cannot be effected without compliance with the statute. See *Bayer* v. *Jackson City Bank & Trust Company,* 335 Mich 99, and prior decisions therein cited. The situation presented by the record in the instant case is that appellants deliberately sold an automobile to which they had not acquired title.

The decree of the trial court, after setting forth the salient facts in the case and that the note given by George N. Marchand to plaintiff was due and payable, granted to plaintiff an equitable lien on the 1948 Cadillac automobile owned by defendants Marchand, a like lien on the proceeds of the sale, or purported sale, by defendants Ford, with foreclosure of such lien and the right to recover from defendants George N. Marchand, Fred Ford and Elwood J. Ford damages in the sum of $1,394 with interest from October 12, 1949, to the date of the decree. It was further provided that plaintiff recover the sum of $20, advanced by him at the time of the transaction with the Associates Discount Corporation, from George N. Marchand. Such decree is fully justified by the facts in the case.

In *Eagle Oil Corp.* v. *Cohassett Oil Corp.,* 263 Mich 371, plaintiff brought suit to impress an equitable lien on oil and gas produced by a well drilled by plaintiff under a void lease, it having been deter-

mined by this Court in *Doctor* v. *Turner,* 251 Mich 175, that the lessor had no title to the property. In determining that plaintiff was an innocent trespasser and that he was entitled to equitable relief, it was said in part:

"The oil belonged to the owner of the soil, but the plaintiff was entitled to have its value applied on the cost of production. For that purpose it could retain possession of the oil until the charge for production was paid. In other words, it was entitled to an equitable lien on the oil until the charge against it was satisfied. But it sold and delivered the oil to the Standard ·Oil Company of Indiana and the Simrall Pipe Line Corporation. As it parted with possession, and the oil cannot now be located or identified, the plaintiff has lost its lien. But the proceeds of the sale were received by the defendant Cohassett Oil Corporation, which, by virtue of its lease with the owner, became vested with his rights. As these proceeds should have been applied on the cost of production, the plaintiff is entitled to equitable relief against the Cohassett Oil Corporation, and in the circumstances, in lieu of such relief, it is entitled to a decree for money damages."

*Cheff* v. *Haan,* 269 Mich 593, while holding that the ·facts did not justify a declaration of an equitable lien, recognized the general principle that:

"Equity from the relations of the parties, may declare an equitable lien out of considerations of right and justice, based upon the fundamental principles of equitable jurisprudence." (Syllabus 8.)

Of like import is *Buhl* v. *Kavanagh* (CCA), 118 F2d 315. In discussing the right of the plaintiff to relief, it was there said:

"The doctrine of 'equitable lien' is akin to that of subrogation. Each is expressed in 'equality is equity' and applies in cases where the law denies relief and where to follow it would work injustice.

In the absence of an express contract, a lien based upon the fundamental maxim of equity may be implied and declared by a court of equity out of general considerations of right and justice as applied to the relationship of the parties and the circumstances of their dealing."

See, also, *Kachman* v. *Sago,* 331 Mich 662.

The decree of the circuit court is affirmed. Plaintiff may have costs.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.