### SCHROT *v*. GARNETT.

1. EQUITY—JURISDICTION—ADEQUACY OF REMEDY AT LAW.
   A right being shown which otherwise might appeal to equity's concurrent jurisdiction, and the legal remedy being established as inadequate, is by itself a sufficient invocation of equity jurisdiction.

2. SAME—EQUITABLE LIEN—ADEQUACY OF REMEDY AT LAW.
   All well-pleaded allegations of bill to establish an equitable lien on defendant's home property, including inadequacy of legal remedy, having been admitted by defendant by his failure to answer or move, entitled plaintiff to decree in his favor, where

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Equity § 100 *et seq.*
[2] 33 Am Jur, Liens § 45.
[3, 4] 33 Am Jur, Liens § 18 *et seq.*

the equities were all in favor of plaintiff and the rights of no other creditor of defendant have been disclosed or affected.

3. SAME—EQUITABLE LIEN.
Equity from the relations of the parties may declare an equitable lien out of considerations of right and justice, and where the plaintiff has shown that, in good conscience, he is entitled to the lien claimed.

4. SAME—EQUITABLE LIEN—ATTORNEY AND CLIENT.
An equitable lien on real estate, the home property of defendant, is properly imposed in the absence of a written contract between plaintiff, an attorney, and defendant, his client, where the intent to give identifiable security for sums expended and attorney fees, is clear and the plaintiff has dealt in reliance upon such intent, such being established by having been taken as confessed by defendant.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted April 4, 1963. (Calendar No. 34, Docket No. 49,820.) Decided May 9, 1963.

Bill by Leo S. Schrot against George A. Garnett to establish and enforce an equitable lien on real property for money advanced and services rendered. Bill dismissed. Plaintiff appeals. Reversed and remanded for entry of decree.

*Maurice D. Sharai,* for plaintiff.

BLACK, J. To get his urgently supplicating client out of jail, the plaintiff attorney agreed with the client to pay certain of the latter's child support arrearages in the sum of $250. The agreement was made on strength of the client's promise to execute in favor of the attorney a mortgage of the client's home premises in the sum of $350. The amount of the mortgage, per agreement, was to be made up of the payment plus a counsel fee of $100.

The attorney paid the arrearages as agreed. The client, however, having been released from custody, refused to execute the agreed form of mortgage upon

tender thereof to him for signature. To secure payment of the stipulated sum the attorney thereupon filed this bill to impress an equitable lien upon the defendant client's home premises. The bill duly alleged all facts requisite to equity jurisdiction, including total inadequacy of a remedy at law against defendant. The bill was duly taken as confessed upon entry of defendant's default; whereupon the trial chancellor dismissed the bill *sua sponte.* Plaintiff has appealed.

It was the judicial view below that plaintiff's remedy at law was adequate, a view with which we disagree. A right being shown which otherwise might appeal to equity's concurrent jurisdiction, and the legal remedy being established as inadequate, is by itself a sufficient invocation of such jurisdiction. For dependable discussion and clear exposition of this principle, see chapter 2, 1 Pomeroy's Equity Jurisprudence (5th ed), § 216 *et seq.,* pp 366–391, headed "Inadequacy of Legal Remedies," and 19 Am Jur, Equity, § 111, p 116.

Upon *de novo* consideration it is ruled that plaintiff should have a decree in accord with the prayer of his bill. By failing to answer or move defendant has admitted all well-pleaded allegations of the bill, including inadequacy of legal remedy, and so the only question is whether by the principles of equity plaintiff is entitled to the lien he seeks. The equities being all 1 way, and the rights of no other creditor of defendant being disclosedly involved or affected, the judicial answer should be affirmative. In *Kachman* v. *Sago,* 331 Mich 662, 667, this Court quoted the following from *Cheff* v. *Haan,* 269 Mich 593, 598, 599:

"Equity from the relations of the parties may declare an equitable lien out of considerations of right and justice based upon the fundamental principles of equity jurisprudence";

and later, in *Steggall* v. *Steggall*, 274 Mich 402, 405, went on to say:

"We indicated in *Cheff* v. *Haan*, 269 Mich 593, 599, some of the conditions upon which a court of equity will create a lien upon real estate in the absence of a written contract, saying:

" 'In all cases the person seeking to establish the lien must show that in equity, in good conscience, he is entitled to the lien claimed.' "

The quoted rules were announced first in *Kelly* v. *Kelly,* 54 Mich 30, 47 (followed particularly as well as generally in *Van Camp* v. *Van Camp,* 291 Mich 688, 696). They apply "in the absence of a written contract" where the intent to give identifiable security is clear and the complainant has dealt in reliance upon such intent. Plaintiff's bill makes the required clear showing, it having been taken as confessed by defendant.

Reversed and remanded for entry of decree in accord herewith. Costs to plaintiff.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.