MOBILE CREDIT CORPORATION *v.* MANUFACTURERS
NATIONAL BANK OF DETROIT.

1. JUDGMENT—DECLARATORY JUDGMENT—TITLE OF BOAT—CHATTEL
MORTGAGES.

Judgment in proceedings for declaratory judgment whereby boat
purchaser was declared to be the owner of title thereto free
from any claim or lien of plaintiff mortgagee herein under
its previously executed, but unfiled, chattel mortgage, finally
established such purchaser's title, where no appeal was taken
from such judgment (CL 1948, § 566.140, as amended by PA
1959, No 110; § 691.501 *et seq.*).

2. CHATTEL MORTGAGES—FILING—UNENCUMBERED TITLE—POSSESSION
—RIGHT TO ENCUMBER.

The essence of an unencumbered title to a chattel as established
in a purchaser thereof free from lien of plaintiff's chattel
mortgage, unfiled at time of the purchase was not only the
right to possess, but to sell or encumber, hence, encumbrance
by him would be free from plaintiff's lien also.

3. SAME—FILING—CREDITORS.

The purchaser of a boat and assignee of the chattel mortgage
that had been given by the purchaser to the boat dealer, are
not creditors of the dealer, who had previously mortgaged
the boat to plaintiff under a chattel mortgage, not filed at
the time of the sale but filed within 10 days after its execution
and, hence, were not within statutory exception declaring mort-
gage filed within 10 days after execution was not void as to
creditors of the mortgagor (CL 1948, § 566.140, as amended
by PA 1959, No 110).

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Declaratory Judgments § 3.
[2-4] 15 Am Jur 2d, Chattel Mortgages §§ 102–106.
[5] 54 Am Jur, Trusts § 218.

4. SAME—EFFECT OF FILING ON PREVIOUS SALE.

The filing of a boat dealer's chattel mortgage to plaintiff, executed before the sale to boat purchaser, but not filed until after the sale, could not serve to revive it as against the owner's title to the boat or any subsequent encumbrancing thereof by him, notwithstanding the filing was made within 10 days from the date of execution (CL 1948, § 566.140, as amended by PA 1959, No 110).

5. TRUSTS—UNFILED CHATTEL MORTGAGE.

Plaintiff, chattel mortgagee of boat under unfiled mortgage at time boat was sold by dealer mortgagor to purchaser who gave a chattel mortgage to the dealer who assigned it to defendant, would not be entitled to imposition of trust on funds collected by defendant on its note and mortgage, there being no equitable reason for imposition of such trust as between plaintiff and defendant (CL 1948, § 566.140, as amended by PA 1959, No 110).

Appeal from Wayne; Fitzgerald (Neal), J. Submitted April 7, 1964. (Calendar No. 4, Docket No. 50,541.) Decided September 2, 1964.

Bill by Mobile Credit Corporation, a Michigan corporation, against Manufacturers National Bank of Detroit, a Michigan corporation, to impress trust on sums collected on retail sales contract. Judgment for defendant. Plaintiff appeals. Affirmed.

*Sol J. Schwartz,* for plaintiff.

*Butzel, Eaman, Long, Gust & Kennedy (James D. Ritchie,* of counsel), for defendant.

DETHMERS, J.  A boat dealer borrowed $4,500 from plaintiff and, on June 7, 1960, gave it, as security for the loan, a chattel mortgage on a boat. Before plaintiff filed the mortgage with the register of deeds, the dealer sold the boat to a bona fide purchaser for value without notice of plaintiff's mortgage and took

back from the boat purchaser a note and chattel mortgage for $6,075.84. Next in sequence of events, plaintiff did file its mortgage and then the dealer sold for $4,900 and assigned without recourse to defendant the note and mortgage received from the boat purchaser. The dealer thereafter was adjudicated bankrupt. The boat purchaser then commenced proceedings for a declaratory judgment[*] making both parties hereto parties defendant therein. In May of 1962 the court entered judgment in that case, holding that the boat purchaser was a purchaser without notice, for value, and owner of title free from any claim or lien of plaintiff, but subject to the lien of defendant, and ordered plaintiff to discharge its mortgage, but without prejudice to the rights, if any, of the plaintiff herein against the defendant herein. No appeal from that judgment was taken.

A few days after entry of said judgment in the above mentioned proceedings, plaintiff brought this suit to impress a trust in favor of plaintiff on all sums collected or to be collected by defendant on its note and mortgage and for an accounting thereof and payment of same by defendant to plaintiff, but not to exceed the amount of plaintiff's claim. From judgment for defendant, plaintiff appeals here.

First, it is to be noted that this is not an action to recover or obtain possession of the boat. The purchaser's right to the boat free from plaintiff's lien was established by the judgment, unappealed from, in the other case. Plaintiff here cites authorities to establish the validity and priority of its mortgage over that of defendant, with particular reliance on *National Bond & Investment Co.* v. *Union Investment Co.*, 260 Mich 307. There the question was one of right to possession of the mortgaged chattel,

---

* See CL 1948, § 691.501 *et seq.* (Stat Ann § 27.501 *et seq.*).—REPORTER.

which depended on whether a prior, duly filed, chattel mortgage or a subsequent conditional sales contract took priority over the other. Such is not the problem here presented. Here the boat purchaser bought without notice. That ended the effectiveness as a lien on the boat of plaintiff's then unfiled chattel mortgage. CL 1948, § 566.140, as amended by PA 1959, No 110 (Stat Ann 1959 Cum Supp § 26.929). The trial court in the other suit properly held that the boat purchaser became owner, free from plaintiff's mortgage but subject to that of defendant. The essence of the boat purchaser's unencumbered title, insofar as plaintiff's mortgage was concerned, was not alone the right to possess, but to sell or encumber, and thus any encumbrance given by him would be free from plaintiff's lien. To hold otherwise would be to impinge upon the full extent of his unencumbered title.

Plaintiff stresses that, although it had not filed its mortgage before sale of the boat, it did so within 10 days from date of its execution and that at the time in question it was provided in said section of the statute that "no such mortgage shall be void as against creditors of the mortgagor if filed within 10 days from the date of the execution of such mortgage." The boat purchaser and defendant herein, as holder of the boat purchaser's note and mortgage, are not creditors of the boat dealer who was the mortgagor in plaintiff's mortgage. The indicated statutory exception urged by plaintiff, accordingly, has no application here. Plaintiff's filing of its mortgage after the boat sale could not serve to revive it as against the owner's title to the boat or any subsequent encumbrancing thereof by him.

Plaintiff cites *Drettmann* v. *Marchand,* 337 Mich 1, for its claimed right to imposition of a trust on funds collected by defendant on its note and mortgage. There, as distinguished from the instant case,

the defendants bought an automobile from one who had promised but failed to give a lien thereon to another as security for a loan, and they were held not to be good-faith purchasers because, at the time of their purchase and resale, they knew that they could not obtain the certificate of title for the reason that it was held by their transferor's creditor, but they nonetheless bought the automobile and resold it, in violation of statute, without having title. Not so here. In the case at bar the boat purchaser acted in good faith, purchased when plaintiff's mortgage was not on file, rendering the latter invalid, and thereafter gave a mortgage which defendants now hold. No equitable reasons for imposition of a trust, as in *Drettmann,* exist as between the parties here.

In conclusion, whether plaintiff's mortgage was valid or invalid when the boat purchaser gave his note and mortgage which defendant now holds, and whether plaintiff's mortgage was or is a first lien, second lien, or no lien at all, is immaterial. We repeat, this is not an action to obtain possession of the boat. The boat purchaser gave the dealer a note for the purchase price. The dealer assigned it to defendant without recourse. Defendant thereupon became entitled to be paid according to the terms of that note by the boat purchaser. What defendant has been paid in the past or may be paid in the future on that note rightfully belongs to defendant. Plaintiff's lien on the boat, even if it had remained effective after sale of the boat, would in no wise rest on the note or debt due by the boat purchaser to defendant.

Affirmed. Costs to defendant.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.