L. ROBERT COLLINS, Administrator, Appellee, v. FRANK NAGEL et al., Appellants.

**MORTGAGES:** Maturity—Accelerating Clause—Notice. A mortgagor is not entitled, under a clause accelerating maturity, to notice, prior to suit, that the mortgagee elects to declare the entire debt due for the nonpayment of interest.

**MORTGAGES:** Maturity—Accelerating Clause—Nonwaiver by Accepting Part of Interest. The right of a mortgagee to declare a mortgage-secured debt due for nonpayment of interest, as provided in an accelerating clause, is not waived by accepting a *part* of said matured interest.

**ESTOPPEL:** Equitable Estoppel—Nonchange of Position. Estoppel to declare a mortgage-secured debt due for nonpayment of interest, as provided in an accelerating clause, may not be based on transactions and conversations between the parties which in no manner caused the mortgagor to change his position.

**MORTGAGES:** Maturity — Exercising Option Under Accelerating Clause—Subsequent Tender—Effect. A tender of overdue interest

*after* the mortgagee has exercised his option to declare the entire debt due for nonpayment of interest, as provided in a clause accelerating payment, is not effective.

**MORTGAGES:  Maturity—Accelerating Clause—Presentment and Demand.** A mortgagee who has the option to declare the secured debt due for nonpayment of interest is under no obligation to *present the note and demand payment of the interest,* when the note is payable at a named town, without other specific designation of place. Especially is this true when the debtor well knows where the note is kept and makes no tender.

Headnote 1:  27 Cyc. p. 1524.  Headnote 2:  27 Cyc. p. 1532.  Headnote 3:  21 C. J. p. 1205.  Headnote 4:  27 Cyc. p. 1523.  Headnote 5: 27 Cyc. p. 1542.

*Appeal from Allamakee District Court.*—W. J. SPRINGER, Judge.

MAY 12, 1925.

REHEARING DENIED OCTOBER 2, 1925.

ACTION to foreclose a real estate mortgage under an acceleration of maturity clause, for failure to pay installments of interest.  Decree of foreclosure was entered, as prayed; and defendants appeal.—*Affirmed.*

*William S. Hart,* for appellants bank and Nagel.

*A. E. Sheridan,* for appellant Thornton.

*Delbert W. Meyer,* for appellee.

DE GRAFF, J.—Plaintiff seeks to foreclose a mortgage bearing date January 28, 1919, and due March 1, 1929, by virtue of an accelerating maturity clause that "a failure to pay any of said principal or interest when due shall cause the whole amount to become due and payable, and this mortgage may be immediately foreclosed therefor." The indebtedness secured by the mortgage is in the sum of $23,000. The interest rate is 5 per cent per annum, payable March 1, 1919, and annually thereafter. Plain-

1. MORTGAGES: maturity: accelerating clause: notice.

tiff's petition was filed July 17, 1922, and it is alleged therein that:

"The interest due on said note has not been paid, and that, under the terms of the obligation, the whole of said obligation is due."

The record discloses that the annual interest installment of $1,150, maturing March 1, 1921, was paid in part, to wit, $700 March 3, 1921, and $160 March 17, 1921, leaving a balance of $290 unpaid; and that the annual interest installment maturing March 1, 1922, was not paid. It is apparent that, in the absence of competent proof sustaining the defense presently to be noted, plaintiff's right to assert an accelerated maturity exists, and that the pleaded stipulation is valid and enforcible. *Moore v. Crandall,* 146 Iowa 25; *Stern v. Rainier,* 193 Iowa 665; *Coffin v. Younker,* 196 Iowa 1021. A previous notice of the election to declare the principal and interest due under such circumstances is not required, nor is a prior demand of payment essential to the maintenance of the action for the entire indebtedness. *Swearingen v. Lahner,* 93 Iowa 147. Though we recognize that the maturity of a mortgage may be accelerated, equity will not relieve a delinquent mortgagor, in the absence of facts and circumstances showing peculiar hardship, unconscionable advantage, or oppression. *Blackman v. Carey,* 192 Iowa 548.

There are three separate and independent defendants: (1) C. R. and Mattie Thornton, husband and wife, who executed the note and mortgage in suit, and who subsequently sold the mortgaged premises to the defendant Frank Nagel; (2) Frank and Leta Nagel, husband and wife, the purchasers aforesaid, who assumed and agreed to pay the mortgage debt; (3) the First National Bank of Waukon, which is the holder of two junior mortgage liens on said premises.

The primary and determining facts, however, have to do with the relations between the plaintiff and Frank Nagel, the present fee-title holder. What are the material allegations of his answer? First, that, subsequent to the accrual of any right on the part of the plaintiff to declare said note and mortgage due because of nonpayment of interest, plaintiff accepted partial payment of said interest, and thereby waived the maturity

2. MORTGAGES: maturity: accelerating clause: non-waiver by accepting part of interest.

of said indebtedness; and that he is now barred and estopped from asserting same. Second, that, subsequent to the accrual of all unpaid installments of interest, plaintiff and defendant Nagel, upon a valuable mutual consideration, made and entered into an express oral contract for an extension of time of payment of said interest; and that the period of such extension had not expired when this suit was commenced, and has not yet expired. The defendant had the burden to sustain by competent proof the issues tendered. Did the acceptance by the plaintiff of partial payment of the interest on the installment due March 1, 1921, after date of its maturity, constitute a waiver of the right to accelerate maturity of the mortgage? The mortgage indebtedness did not become absolutely due by reason of a default on the part of the debtor to pay an interest installment, but it did give the right or option to the plaintiff to commence an action to recover the entire amount of principal and interest. *Watts v. Creighton,* 85 Iowa 154. Plaintiff could waive the default for that year, had he seen fit so to do. *Jones v. DeMoss,* 151 Iowa 112. The right in plaintiff is a permissive right. Clearly, however, the acceptance of interest in the amount due does constitute a waiver of his right to declare the entire indebtedness due.

In *Farmers and Merch. Bank v. Daiker,* 153 Iowa 484, it is said:

"If, the interest installment being past due, its payment was tendered or offered by the defendant, and plaintiff received and accepted the same as interest, * * * it will be held to have waived the default, and cannot thereafter make it a ground for declaring the whole debt due. * * * Failing to thus move, and accepting payment of the interest, the option ceases to exist, with the condition upon which alone it could have been exercised."

See, also, *Hecker v. Boylan,* 126 Iowa 162.

The defendant Nagel pleaded that the acceptance of the interest in part after the maturity of the installment on March 1, 1921, and after the right of acceleration had accrued, waived the right of plaintiff to declare the note due for the default of that date. The fact stands, however, that Nagel owed the interest indebtedness regardless of any election, and the part payment of interest merely satisfied in part what interest was then due. Accepting part was not a waiver of what was still owing

and on account of which the election was still good. *LaPlant v. Beechley,* 182 Iowa 452. The proposition advanced by appellant, even though it should be ruled favorably to him, would not control this appeal. Another installment of interest in the sum of $1,150 was due March 1, 1922, and remained unpaid up to and including the date of the commencement of this action. The petition alleges that "the interest due on said note has not been paid," and for that reason plaintiff elected to treat the whole obligation due under the terms stipulated in the obligation. The petition was not attacked in any manner by the defendant. The evidence shows without dispute that the interest due on said note March 1, 1922, was not paid when the petition was filed July 17, 1922, which was more than thirty days after the interest matured and was payable. The petition stated a cause of action.

We now turn to the second primary brief point of appellant. Is the plaintiff, by reason of his statements and conduct, estopped from asserting his right to an accelerated maturity?

The pleaded estoppel finds its origin and basis in certain conversations between the defendant Nagel and the plaintiff, who was the then acting and qualified administrator of the mort-

3. ESTOPPEL: equitable estoppel: nonchange of position.

gagee. Defendant testified that he had a conversation with the plaintiff administrator in the latter part of February, 1922, in which he told the plaintiff that he could not pay the unpaid interest or the interest then maturing, until he sold his hogs in the fall. His testimony is as follows:

"Collins [plaintiff] and I agreed at that time with one another that the payment of the interest should be postponed until I sold my hogs in the fall."

Plaintiff denies the conversation and agreement. The evidence on this proposition is left in equipoise. It cannot be claimed that the alleged oral agreement to extend time of payment is based on a legal consideration. It did not contemplate the payment of anything not then legally due. It involved no additional obligation on the part of the defendant or sacrifice on his part, nor does it contain reciprocal promises of mutual advantage to both parties. Apart from the legal concepts herein

suggested, the proof is insufficient to sustain the claim of defendant.

Another phase of estoppel is presented and argued by appellant. The defendant Nagel testified that he had a talk with the plaintiff, in the latter part of March, about borrowing money elsewhere and paying off the entire loan.

"Talk was, I would do that if I could get the money, and if I couldn't, I had until the fall to pay the interest."

Defendant further testified that, in the event that he was compelled to pay a higher rate of interest on the loan to be secured, plaintiff agreed to pay the difference of one-half per cent. It is fairly shown that there was talk between the plaintiff and defendant relative to another loan by the defendant, and that it was agreeable to the plaintiff to accept the payment of the mortgage indebtedness at that time. Plaintiff testified:

"He [Nagel] also wanted to know if he could get anything off because he had to pay one-half per cent additional on a new loan. He didn't get that money, and we gave him another chance, and gave him a little more time, and he didn't get that either. I was anxious to convert the mortgage into money, so I could divide it up amongst my father's heirs. There was some talk between myself and Nagel about dividing the mortgage into separate notes, so that each heir should have his share individually. I suggested that, if he could make a new loan and pay it in cash, we would discount him the additional interest of one-half per cent to the maturity of the debt. That was the last talk I ever had with Nagel."

The foregoing constitutes the full recitals in the record on this subject. Clearly, no estoppel can be predicated thereon. Nothing was said or done by the plaintiff that misled or caused prejudice to the defendant in any way. What steps, if any, were taken by the defendant to secure the loan, are not disclosed. The gist of the entire conversation is to the effect that, if the arrangement contemplated by the defendant could be consummated, it would be satisfactory to the plaintiff. Nothing was done by the latter that interfered with the plans of the former. Defendant failed to realize on his expectations. The cause of failure is not chargeable to the plaintiff.

Other matters incidental in character are discussed by appel-

CONTINENTAL NAT. BANK v. GREENE. [200 Iowa

lant in argument. It appears that Nagel made arrangements with the First National Bank of Waukon, which held the junior mortgage lien, to pay the interest owed by Nagel to the plaintiff; and the bank in fact did tender to the plaintiff, on October 16, 1922, the interest then due on the mortgage in suit. The tender came too late. The election had been made. *Stern v. Rainier,* 193 Iowa 665.

**4. MORTGAGES: maturity: exercising option under accelerating clause: subsequent tender: effect.**

Lastly, it is contended that the note specified a place of payment, and that for this reason the mortgagee cannot accelerate maturity and sue without presentation at place of payment. There is no merit in this contention, under the facts in this case. The note recites, "payable at Waukon, Iowa." The town is definite, but the place of payment in said town is indefinite. No tender in any form was ever made or attempted to be made in any manner at Waukon, and consequently defendant has no ground for complaint. No presentment for payment was necessary. Defendant knew where the note was, and had made payments of interest on this obligation at the Luana Savings Bank, where the note was kept.

**5. MORTGAGES: maturity: accelerating clause: presentment and demand.**

We find nothing in this record to justify conclusions contrary to the finding made by the trial court. Wherefore, the decree entered is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.