RICKA MOORE, Appellant, v. M. E. ELLIOTT et al., Appellees. No. 39772.

NOVEMBER 17, 1931.

Parsons & Mills and Strock, Cunningham, Sloan & Herrick, for appellant.

John McLennan and George Harnagel, for Appellee George Harnagel.

A. M. Miller, for Appellees M. E. Elliott and C. E. Elliott.

WAGNER, J.—On August 11, 1920, the defendants-Elliott

were the owners of the real estate in controversy. On that date, they entered into a written contract with the plaintiff for the sale of said real estate. The consideration was $8000.00, to be paid by plaintiff as follows: $100.00 on the execution of the agreement; $2000.00 September 1, 1920, and $1000.00 on the first day of September in each succeeding year until paid down to a first mortgage of $2300.00, which was then an encumbrance against the real estate, and which the plaintiff assumed and agreed to pay, together "with interest from date at the rate of seven per cent per annum on all such sums as shall remain unpaid, payable semi-annually, on the 1st day of March and September in each year till all is paid; but all principal and interest shall draw interest at eight per cent from its maturity until paid." The times of payment are made the essence of the contract, and said instrument further provides for a forfeiture of the purchaser's rights in the real estate in the event that she should fail to strictly comply with the terms of the contract as to time of the payment of the installments, interest, taxes, etc. The record conclusively shows that the plaintiff paid only the sum of $112.00 upon interest.

On December 14, 1921, the plaintiff, being in default as to the payment of interest, and finding it necessary that a new plan should be made for payment of the installments, defaulting interest, and for the payment of the $2300.00 mortgage which was then due, entered into negotiations with the vendors, and as a result thereof a supplemental contract or modification of the foregoing contract was then entered into. The parties therein agreed that the vendors should increase the mortgage to $2500.00, and that the times of payment of any sums owing according to the terms of the original contract should be stricken, and that in lieu thereof, the plaintiff should pay on the original contract the sum of $500.00 on December 3, 1921, $500.00 March 5, 1922, $150.00 June 3, 1922, and $150.00 every three months thereafter until the entire amount due on said original contract, plus interest, is paid, down to the amount of the mortgage, to wit, $2500.00, which mortgage the plaintiff assumed and agreed to pay. This supplemental contract also provides: "*And it is further agreed that all interest unpaid on said original contract shall be paid March 1st, 1923.*" (Writer's italics.) It is further provided therein that the original contract shall

continue in full force and effect, except as modified by this supplemental agreement.

On August 29, 1921, the plaintiff entered into a written contract with Lake for the sale of this real estate on the installment plan, whereby she received a certain sum in cash, and the unpaid installments were to bear interest at seven per cent. On October 13, 1922, Lake sold the real estate to Bidwell and Spangler, they taking from Lake an assignment of the contract which was executed by the plaintiff and Lake.

In March, 1923, the amount of interest due the Elliotts from the plaintiff was in excess of $900.00. The interest not being paid, the Elliotts served notice of forfeiture upon Bidwell and Spangler, but not upon the plaintiff; and here is where the trouble began. Demand had been made upon the plaintiff to pay the interest, which she refused or failed to do. The defendant Harnagel, for Bidwell and Spangler, purchased the interest which the Elliotts had in the real estate and took an assignment of their contract with the plaintiff, and the Elliotts also executed unto Harnagel a deed, subject to the rights of plaintiff under her contract of purchase. By this course of procedure, Harnagel became the owner of the legal title to the real estate. On June 23, 1923, Harnagel served notice of forfeiture upon the plaintiff and all necessary parties, in strict accord with the statutory law then in force, to wit, Sections 4299 and 4300, 1913 Supplement. The notice provides that he will, after the expiration of thirty days from the time of "the completed service of this notice upon you" cancel the said contract and declare the same forfeited "by reason of your failure to pay the interest due upon said contract March 1, 1923." No claim is made that the notice, or service thereof, is insufficient. Within the thirty-day period, the plaintiff, by her attorney, (not any of the firms now appearing of record for the plaintiff) tendered to Harnagel only the sum of $234.78, as payment in full for the interest due at that time. The tender was refused by Harnagel, because grossly insufficient in amount to pay the same.

All of the aforesaid contracts provide that the purchaser should be entitled to the possession, and Bidwell and Spangler had held the possession of the real estate since October 13, 1922, the date of their purchase from Lake.

Plaintiff filed her petition in this cause on February 24,

1925. She alleges in her substituted petition that Harnagel holds the real estate subject to the rights of plaintiff under her contract. A vendor's interest in a contract for the sale of real estate is assignable, and its assignment vests in the assignee all of the rights of the assignor, including the right of forfeiture. See Tait v. Reid, 158 Iowa 466. Therefore Harnagel was legally privileged to give notice of forfeiture.

 The appellant argues that within the thirty-day period she tendered the full amount of interest due. The appellant's conclusion in this respect is wholly without merit. A tender of $234.78 could in no event be sufficient when the amount due was more than $900.00. A. M. Miller, a Des Moines attorney, was representing the Elliotts, and he testifies that the plaintiff told him that she could not pay because she had sold her property east of town and had to take it back; that she could not pay the interest because she did not have the money. That is not denied. The matter of amount was a mere matter of computation. The record shows that she must have known, and did in fact know, that the amount of the tender was inadequate. There is no evidence of nor plea of estoppel. As to the right of forfeiture, after the assignment by the Elliotts of the contract, Harnagel stood in their shoes. Appellant makes some contention, without supporting authority, that any deficiency in the amount of the tender was supplied by the rental value of the property, because of the fact that Bidwell and Spangler, for whom Harnagel obtained and held the legal title, were, at the time, and ever since have been, in the possession of the property, and that there has been a waiver of the forfeiture by reason of their possession. This is without merit. Bidwell and Spangler were in possession and entitled thereto under their assignment of the contract between the plaintiff and Lake. If Harnagel had accepted the $234.78 in full or part payment of the interest, it would have constituted a waiver of the forfeiture. See Tait v. Reid, 158 Iowa, 466, at 478. But neither Harnagel nor Bidwell and Spangler have received or accepted anything from plaintiff since the insufficient tender was made. In order for the plaintiff to have avoided the effect of the forfeiture, it was necessary that she make full performance by payment of the amount due, or a tender thereof. A tender of only a portion of the amount

due will not suffice. See Cassiday v. Adamson, 208 Iowa 417; Tait v. Reid, 158 Iowa 466.

 Harnagel had the legal right to declare a forfeiture and to stand thereon. Appellant's predicament is due to no fault on the part of the Elliotts, Harnagel, or Bidwell and Spangler. The plaintiff's rights have been effectually terminated by the forfeiture. The contention of the appellant, if it may be claimed to be asserted in argument, that the forfeiture is unconscionable, and for that reason should be ignored by a court of equity, is not tenable. See Westerman v. Raid, 203 Iowa 1270. Within the thirty-day period after service of notice of forfeiture, she neither performed nor tendered full performance of her obligation under the contract by which she agreed to abide, and the record fails to disclose any sufficient excuse for her failure.

The judgment of the trial court must be, and the same is hereby, affirmed.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.