BABB'S, INC., Appellants,

v.

Tom BABB and Bertha Babb, Appellees.

No. 53482.

Supreme Court of Iowa.

June 10, 1969.

Bartley, Bartley & Thornton, Iowa City, for appellants.

William L. Meardon, Iowa City, and Edward W. Dailey, Burlington, for appellees.

STUART, Justice.

Plaintiff purchased a business property from defendants on contract. After plaintiff had operated it or several months, defendants took possession without court authority under claim of right by virtue of statutory forfeiture proceedings under chapter 656, Code of Iowa. Plaintiff brought this action in forcible entry to recover possession claiming defendants waived the right to proceed with the forfeiture by accepting payment of some of the delinquencies. The trial court ordered the petition dismissed, ruled the contract had been forfeited and confirmed possession and title in defendants. We reverse.

On October 1, 1966, plaintiff contracted to purchase Babb's, a cocktail lounge, cafe and apartment complex in Coralville, from defendants for $103,309.39 with $10,000 down and $1,000 per month commencing November 1, 1966. Plaintiff entered into possession in October and made payments on time for November and December 1966 and January and February 1967. The monthly payments for March and April were not made and defendants had notice of forfeiture served on plaintiff April 26, 1967. On May 29, 1967 plaintiff paid defendants $3,000 representing the March, April and May payments. Mr. Dean Coglan, president of plaintiff corporation, was advised future payments were to be made when due.

Failing to receive timely payment of the installment due June 1, 1967, defendants caused plaintiff to be served with notice of forfeiture on June 9. This notice alleged default on the $1,000 payment due June 1 and the first half of the 1966 real estate taxes amounting to $872.63 due March 1, 1967, which became delinquent June 1, 1967. On June 15, and July 1, plaintiff paid and defendant accepted the $1,000 payments for June and July 1967. The taxes were not paid.

By June plaintiff had accumulated $20–25,000 in accounts payable. Between June and September it attempted to sell the property, but was unable to find a purchaser who would pay enough down to make the additional cash payment to defendants required by the contract in the event of a sale. Defendants knew of the negotiations and refused to take less cash than called for in the contract.

Defendants, who were renting one of the apartments, paid plaintiff the monthly rental for July, August and September after the notice of forfeiture was served June 9.

On August 15, 1967 the notice of forfeiture was recorded as required by chapter 656, Code of Iowa. On September 1, 1967 plaintiff was served with a 3 day notice to quit. On September 5, defendants took possession without filing a lawsuit, changed the locks on the building and kept plaintiff out of possession.

Plaintiff instituted this action. At the time of trial plaintiff had not made or tendered any further payments on the contract and had not paid any real or personal taxes.

I. Plaintiff concedes defendants complied with the provisions of chapter 656. It contends defendants waived their rights to declare a forfeiture under the notice served June 9, 1967. The specific question for our determination is whether defendants, by accepting two $1000 payments after the notice of forfeiture was served, waived their rights to declare a forfeiture for failure to pay delinquent real estate taxes also listed as a default in the notice of forfeiture.

■ Forfeitures are not favored in either law or equity and they are enforced only when it is shown the equities clearly require forfeiture. Collins v. Isaacson, Iowa, 158 N.W.2d 14, 17, and citations.

■ Waiver is the voluntary and intentional waiver of a known right. Theobald v. Weber, 259 Iowa 452, 457, 143 N.W. 2d 418, 422; Kaltoft v. Nielsen, 252 Iowa 249, 257, 106 N.W.2d 597, 602. It is largely a matter of intent which may be ascertained from a person's conduct.

We believe the record here shows defendants did not intend to stand upon the notice of forfeiture and waived their rights to proceed thereunder.

Defendants' conduct was inconsistent with any intention to treat the contract as if it were forfeited. They received and retained partial payments under the contract. They made rental payments to the contract purchaser. They did not object to plaintiff's negotiations for a sale of the premises.

There is authority in other states for the proposition that the acceptance of partial payment of the delinquencies after notice of forfeiture has been served amounts to a waiver of any right to claim forfeiture under such notice. Cheff v. Haan, 269 Mich. 593, 257 N.W. 894, 895; Rubenstine v. Powers, 215 Mich. 434, 184 N.W. 589; Krell v. Cohen, 214 Mich. 590, 183 N.W. 53, 54; Credit, Inc. v. Kutzik, 280 Minn. 272, 159 N.W.2d 277, 279; Cohler v. Smith, 280 Minn. 181, 158 N.W.2d 574, 579; Odegaard v. Moe, 264 Minn. 324, 119 N.W.2d 281, 283–284.

"A forfeiture is waived where the vendor, after serving on the vendee a notice of forfeiture, accepts some payment on the contract." Annotation: 107 A.L.R. 345, 407.

In Credit, Inc. v. Kutzik, 280 Minn. 272, 159 N.W.2d 277, the Minnesota Supreme Court said: "We hold that the evidence does compel the finding that the Burnses waived the forfeiture. The acceptance and retention by the Burnses of the April payment on the contract and the payment of the property taxes after the cancellation proceedings were completed was inconsistent with an intention to treat the contract for deed as terminated by default. It is consistent only with a purpose to regard the contract as still existing and an intentional waiver of the forfeiture." p. 279.

We have not passed directly on the point, but have, by dictum, clearly indicated our acceptance of the rule set out above. Moore v. Elliott, 213 Iowa 374, 377, 239 N. W. 32, 34; Tait v. Reid, 158 Iowa 466, 478, 139 N.W. 1101, 1105; Sutphin v. Holbrook, 122 Iowa 272, 276, 277, 97 N.W. 1100, 1102; Davidson v. Hawkeye Ins. Co., 71 Iowa 532, 536–537, 32 N.W. 514, 516.

Both parties cite Janes v. Towne, 201 Iowa 690, 207 N.W. 790, and Moore v. Elliott, 213 Iowa 374, 239 N.W. 32. Each point to language therein which is favorable to it. However, the cases do not reach

the precise issue before us here. In Janes, purchaser sought to defend against a forfeiture because vendor had accepted late and partial payments of interest in the past. The notice of forfeiture was for the balance of an interest payment which was not paid within the 30 days. Vendor did not accept a partial payment after the notice of forfeiture was served.

Moore v. Elliott involved a tender of a partial payment which vendors refused and the refusal was claimed as a waiver.

Defendants place reliance on Westerman v. Raid, 203 Iowa 1270, 1275, 212 N.W. 134, 136. There the notice of forfeiture specified three grounds, two of which occurred in 1921 and 1924 were held to have been waived for reasons not pertinent here. The third ground, failure to pay an installment on the principal in 1925, was held to be good. The defense was that the waiver of previous delinquencies prevented forfeiture. It was properly held "the fact that previous defaults had been waived did not operate as a waiver of future defaults". There was no claim vendor had done anything to waive the payment on principal in 1925. The point before us here was not an issue.

Cassiday v. Adamson, 208 Iowa 417, 420, 421–422, 224 N.W. 508, 510, involved a suit under a second notice of forfeiture which had not been waived. But we say as dictum: "And it is also true that the acceptance of partial payment of an amount due under a real estate contract does not operate as a waiver to enforce a forfeiture of said contract for failure to pay the balance that is due. In order to avoid the effect of the forfeiture, it is essential that the vendee in such a contract shall make full performance by payment of the amount due, and and not by payment of a part thereof. Janes v. Towne, supra; Jewell v. Logsdon, 200 Iowa 1327, 206 N.W. 136; Collins v. Nagel, 200 Iowa 562, 203 N.W. 702."

We have already pointed out that Janes v. Towne, supra, does not reach our issue.

Jewell v. Logsdon, supra and Collins v. Nagel, supra, do not involve forfeitures, but foreclosures of real estate mortgages. They hold acceptance of partial payment did not waive the right to foreclose. The vendor's rights under forfeiture and foreclosure are quite different. One can accept partial payments of a real estate mortgage obligation quite consistently with foreclosure. Such payments merely reduce the balance due the mortgageee. "The mortgagee cannot be penalized for the mere receipt of that to which he is, in equity and good conscience, entitled." Jewell v. Logsdon, 200 Iowa at 1331, 206 N.W. at 138.

It is not consistent or equitable for a party to declare a contract forfeited and continue to accept partial payments thereunder. The vendor takes the property back and keeps the payments made. Any payments received and retained after the declaration of forfeiture would be a windfall to which the vendor is not in equity entitled.

"Now, the plaintiff could not be allowed to accept partial payment, and say at the same time that, the payment being partial, the contract is void, and the partial payment thus made is forfeited. The very act of accepting partial payment was a waiver of strict performance as to the balance of that payment. No other theory would consist with good faith. The acceptance, to be sure, was not a waiver of the payment of the balance, and the plaintiff, unless there was an agreement to the contrary, might probably demand it at any time. But, after accepting partial payment, we think that the plaintiff should have demanded the balance before he could properly claim that Lint was in default." Davidson v. Hawkeye Ins. Co., 71 Iowa 532, 536–537, 32 N.W. 514, 516.

In so far as Cassiday v. Adamson is contrary to our holding here, it is overruled.

■ We do not mean to indicate that there might not be some instances in which the entire record would show an intent to

pursue the forfeiture even though a partial payment had been accepted. But when, as here, partial payment has been accepted and retained beyond a reasonable time after purchasers failed to pay the full delinquency within the 30 day period; where vendors knew purchaser was attempting to negotiate a sale and apparently approved of this procedure; and where vendors continued to pay rent to purchaser after notice of forfeiture, we believe it is clear they recognized the existence of the contract and intended to waive the right to forfeit it. There was no indication of any different intent until the notice and return of service were filed August 15.

II. Although defendants had started legal proceedings to obtain possession, they, claiming waste, entered into possession by stealth and barred plaintiff from possession. We need not decide the effect of this action in this particular instance, but believe it advisable to state there is considerable merit in plaintiff's contention that defendants acted unlawfully in doing so.

"The plaintiffs were in peaceable possession of the premises in controversy. They had never been ejected by legal proceedings nor otherwise. The marshal had destroyed the fence so far as it was in what was claimed to be streets and alleys, but he did not attempt to interfere with the possession of the plaintiffs as to the remainder of the premises. If the defendant had owned them with the right to immediate possession when he destroyed the fence, his acts would, nevertheless, have been wrongful. The law has provided a remedy in such cases, and will not permit the owner to enter into possession by stealth or force. Emsley v. Bennett, 37 Iowa, 16." Kimball

v. Shoemaker, 82 Iowa 459, 461–462, 48 N.W. 925, 925–926.

See Currier v. Jones, 121 Iowa 160, 162, 96 N.W. 766; Annotation: 141 A.L.R. 250, 255–256.

■ III. Defendants argue a party seeking relief from a forfeiture must tender full performance of his defaulted obligations. Cassiday v. Adamson, 208 Iowa 417, 421, 224 N.W. 508, 510, and citations. This general rule has no application where the rights to forfeit have been waived. Defendants treat the waiver argument, which we have held determinative, in a rather offhand manner. It may be because they, as we, have not found authority to the contrary.

We hold defendants acted without proper authority of law in taking possession of these premises September 5, 1967 under the notice of forfeiture and plaintiffs should not have been ousted from possession thereunder.

We understand Babb's has been operated since that time. We do not know by whom or under what sort of an arrangement. We realize this decision necessarily leaves many questions unanswered and many equities between these parties undetermined. These matters cannot properly be considered in a forcible entry which is intended to be a summary remedy to place the proper party in possession.

For the reasons stated this case is reversed and remanded for judgment entry in accordance herewith.

Reversed and remanded for judgment entry.

All Justices concur.