# IN THE COURT OF APPEALS OF IOWA

No. 21-0498
Filed June 15, 2022

**GREENSTATE CREDIT UNION,**
Plaintiff-Appellee,

**vs.**

**PROPERTY HOLDERS, LTD., and CHARLES DAVISSON,**
Defendants-Appellants,

**and**

**PARTIES IN POSSESSION,**
Defendants.
_____

Appeal from the Iowa District Court for Linn County, Lars Anderson, Judge.


Defendants appeal the district court's grant of summary judgment to GreenState Credit Union on its mortgage foreclosure claims. **AFFIRMED AND REMANDED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellants.

Siobhan Briley and Ryan J. Prahm of Pugh Hagan Prahm PLC, Coralville, for appellee.


Considered by May, P.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**CARR, Senior Judge.**

Property Holders, Ltd. and Charles Davisson (together Property Holders) appeal the district court's grant of summary judgment for GreenState Credit Union on its mortgage foreclosure claims. GreenState's acceptance of a payment after the debt was accelerated is not a waiver of its right to collect the full amount owed. We determine the district court did not abuse its discretion in ordering Property Holders to pay trial attorney fees. We remand to the district court for a determination of appellate attorney fees.

## I.        Background Facts & Proceedings

This case involves eight consolidated mortgage foreclosure actions.[1] In each case, Property Holders obtained a loan by a promissory note from GreenState that was secured by a mortgage on real property in Cedar Rapids.[2] Property Holders failed to make payments in November 2019 as required by the promissory notes and came into default.

---

[1] EQCV094983 involves a debt of $113,132.00 for two properties and was filed on February 14, 2020. EQCV094985 involves a debt of $84,416.09 for a property and was filed on February 14. EQCV095003 involves a debt of $83,373.76 for a property and was filed on February 18. EQCV095004 involves a debt of $65,731.40 on a property and was filed on February 18. EQCV095008 involves a debt of $52,229.67 on a property and was filed on February 18. EQCV095015 involves a debt of $365,695.25 on six properties and was filed on February 19. EQCV095024 involves a debt of $61,990.08 on a property and was filed on February 20. EQCV095025 involves a debt of $74,098.53 on a property and was filed on February 20.

GreenState additionally filed a mortgage foreclosure action against Property Holders, EQCV095000, which was subsequently dismissed because the mortgage indebtedness was paid in full. That action is not a subject of this appeal.
[2] Davisson is the owner of Property Holders, and he personally guaranteed the obligations.

On November 19, GreenState gave Property Holders a fifteen-day notice to cure.  The debt was not cured within fifteen days.  On December 16, GreenState gave notice that the outstanding debt was accelerated and was due within fourteen days.  Property Holders did not timely pay the accelerated balance.  In February 2020, GreenState filed actions in district court to foreclose the mortgages.

In July, Property Holders made a payment at a GreenState branch office and the payment was applied to the debts of Property Holders.  In its answer to the petitions filed by GreenState, Property Holders stated it had continued to make periodic payments on the debts and these payments were accepted by GreenState.  Property Holders claimed GreenState waived any right to accelerate and demand full payment of the promissory notes or to foreclose the mortgages.  GreenState applied the payment to the outstanding debt of Property Holders.

GreenState filed a motion for summary judgment, asking that it be permitted to foreclose the mortgages.  Property Holders resisted the motion, claiming there was a genuine issue of material fact on the affirmative defense of waiver.  Davisson submitted an affidavit stating that he worked with a loan officer at GreenState who subsequently left to take a position with a different credit union and Davisson was in the process of refinancing the loans at this different credit union.  Davisson claimed that GreenState continued to accept his loan payments and all of the loans with GreenState were made current by his payments in July.

GreenState responded that once a debt is accelerated, only payment of the entire amount due can cure the default.  It stated that its acceptance of payments by Property Holders reduced the amount of the debt but should not be considered a waiver of its right to foreclosure.  GreenState also noted that under the terms of

the business loan agreement, only a written waiver would be effective. Property Holders resisted GreenState's response.

On December 22, the district court granted the motion for summary judgment. The court ruled:

> In the present case, the Court finds that Plaintiff exercised the acceleration clause by sending Defendants a notice to cure on November 19, 2019, and a subsequent notice of acceleration on December 16, 2019, after Defendants failed to cure the default. At that time, the balance became accelerated, and the entire balance was due to cure the default. The Court finds that any payment made and accepted after the balance was accelerated only served to reduce the total balance owed to Plaintiff on the note and does not constitute a waiver. Defendants' argument that Plaintiff accepted full payments and waived the acceleration clause, therefore, fails. Plaintiff accepted payment to which they were entitled. The Court further does not find that Plaintiff acted in bad faith in pursuing foreclosure and an emergency receiver. In viewing the facts in a light most favorable to Defendants, it is undisputed that Plaintiff exercised the acceleration clause and is entitled to judgment as a matter of law. Summary judgment is appropriate.

Costs for the action were assessed to Property Holders. The court entered a foreclosure decree.

Property Holders filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), asserting the court did not correctly calculate the amount due on the mortgages, as it had continued to make payments. Property Holders also resisted the award of attorney fees to GreenState. The court determined the amount due on the mortgages should be recalculated. The court found the amount GreenState requested for attorney fees was reasonable. Property Holders was ordered to pay $20,646.50 for GreenState's attorney fees. Property Holders appeals the district court's decision.

**II.    Standard of Review**

We review a district court's decision granting summary judgment for the correction of errors of law.  *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 139 (Iowa 2013).  The Iowa Supreme Court has stated:

> A court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  In other words, summary judgment is appropriate if the record reveals a conflict only concerns the legal consequences of undisputed facts.  When reviewing a court's decision to grant summary judgment, we examine the record in the light most favorable to the nonmoving party and we draw all legitimate inferences the evidence bears in order to establish the existence of questions of fact.

*Id.* at 139–40 (quoting *Pitts v. Farm Bureau Life Ins. Co.*, 818 N.W.2d 91, 96–97 (Iowa 2012)).  The party seeking summary judgment has the burden to show there are no genuine issues of material fact and the party is entitled to a judgment as a matter of law.  *Morris v. Steffes Grp., Inc.*, 924 N.W.2d 491, 496 (Iowa 2019).

**III.    Waiver**

Property Holders contends that by continuing to accept payments GreenState waived its ability to foreclose on the mortgages.  It asserts that GreenState accepted the payments over a period of time and applied the payments to its outstanding debts.  Property Holders claims there was a waiver of acceleration of the debts by GreenState based on its acceptance of the late payments.

A useful authority states:

> The option to accelerate the debt upon default is a waivable right, as is any contract right.  Failure to exercise the option or acceptance of late payment of the amount due will constitute waiver.  Conversely,

payment of an amount less than the full amount due does not constitute waiver per se, as "[t]he mortgagee cannot be penalized for the mere receipt of that to which he is in equity and good conscience entitled." Acceptance of the partial payment, then, typically will merely reduce the balance due on the mortgage.

Waiver may be established by evidence of a course of dealing between the parties. Thus, a lender who regularly accepts late payments waives the right to accelerate the debt for a subsequent late payment. Similarly, evidence that a lender had "abundant opportunity" to demand payment but refrained from doing so may be used in attempting to show waiver. Once a waiver has been established, the lender must notify the borrower if it intends to withdraw the waiver and strictly enforce the terms of the mortgage.

17 David M. Erickson & Christopher Talcott, Iowa Prac. Series: Real Estate Law & Practice § 3:5 (Nov. 2021 update) (footnotes omitted).

When a mortgage contains an acceleration clause, the lender may waive the right to acceleration. *Collins v. Nagel*, 203 N.W. 702, 704 (Iowa 1925); *Farmers & Merchants' Bank v. Daiker*, 133 N.W. 705, 705 (Iowa 1911). "Waiver is the voluntary and intentional waiver of a known right." *Babb's, Inc. v. Babb*, 169 N.W.2d 211, 213 (Iowa 1969). "It is largely a matter of intent which may be ascertained from a person's conduct." *Id.* A lender may waive the time for payment of a debt. *See Gottschalk v. Simpson*, 422 N.W.2d 181, 184 (Iowa 1988).

The Iowa Supreme Court has stated:

[I]n no case has it been held that the acceptance of a payment of less than the total amount of interest, per se, constituted a waiver of the right to foreclose. The mortgagee cannot be penalized for the mere receipt of that to which he is in equity and good conscience entitled.

*Jewell v. Logsdon*, 206 N.W. 136, 138 (Iowa 1925); see also *Babb's*, 169 N.W.2d at 214 ("One can accept partial payments of a real estate mortgage obligation quite consistently with foreclosure. Such payments merely reduce the balance due the mortgagee.").

A party may waive its contractual rights by a course of dealing, such as the acceptance of late payments over a period of time. *See Dunn v. Gen. Equities of Iowa, Ltd.*, 319 N.W.2d 515, 517 (Iowa 1982) ("Consequently we hold that the holder of an installment note who has engaged in a course of dealing of accepting late payments waives the right to accelerate the obligation upon a subsequent late payment unless the holder has notified the obligor that future late payments will not be accepted."); *see also Malott Bevard Props., L.C.*, No. 19-0381, 2020 WL 4200834, at *5 (Iowa Ct. App. July 22, 2020) ("When a lender regularly accepts late payments . . . it constructively waives the right to accelerate the debt unless and until it serves the borrower a notice of its intention to strictly enforce the terms of the mortgage."); *ABN AMRO Mortg. Grp., Inc. v. Tullar*, No. 06-0824, 2009 WL 1066511, at *6 (Iowa Ct. App. Apr. 22, 2009) ("We recognize that continued acceptance of late payments can result in a waiver, requiring the creditor to give notice to the debtor before using a future late payment as grounds for acceleration.").

In this case, GreenState informed Property Holders on December 16, 2019, that the outstanding debt was accelerated and was due within fourteen days. Property Holders did not timely pay the accelerated balance.

> Because acceleration provisions are not self-executing, the relative timing of an attempted cure and the affirmative act of accelerating the debt is important. Before the debt has been accelerated, the borrower need only make payment on portions of the debt then due in order to cure. However, because acceleration has the effect of calling the full amount of the debt plus all interest immediately due, after the lender acts to accelerate the borrower may only cure by tendering the full amount.

17 Iowa Prac. Series: Real Estate Law & Practice, § 3:5 (footnote omitted).

After GreenState accelerated the loan, Property Holders could only cure the default by paying the full amount due. *See id.* Property Holders did not pay the full amount due. It paid only the amount that would have made the debt current if GreenState had not accelerated the loan. GreenState's acceptance of payments of less than the total amount due did not constitute a waiver of the right to foreclose. *See Jewell*, 206 N.W. at 138. "The mortgagee cannot be penalized for the mere receipt of that to which he is in equity and good conscience entitled." *Id.* Property Holders has not shown GreenState waived its ability to foreclose on the mortgages by continuing to accept payments.

**IV.    Attorney Fees**

**A.**    Property Holders contends the district court abused its discretion in awarding attorney fees to GreenState. In the motion for summary judgment, GreenState asked for $21,096.50 in attorney fees.[3] Property Holders asked the court to set a hearing to determine "what attorney fees, if any," GreenState should be awarded. GreenState replied that the request for a hearing on attorney fees should be denied, "on the basis the amount of attorney fees requested are, on their face, reasonable under the circumstances."

The district court's ruling on the motion for summary judgment did not specifically address the issue of attorney fees, stating only that costs were

---

[3] In EQCV094983, GreenState requested attorney fees of $2613.00. In EQCV094985, GreenState requested attorney fees of $2503.00. In EQCV095003, GreenState requested attorney fees of $2503.00. In EQCV095004, GreenState requested attorney fees of $3053.00. In EQCV095008, GreenState requested attorney fees of $2778.00. In EQCV095015, GreenState requested attorney fees of $2640.50. In EQCV095024, GreenState requested attorney fees of $2503.00. In EQCV095025, GreenState requested attorney fees of $2503.00. In total, GreenState requested attorney fees of $21,096.50.

assessed to Property Holders. The decree of foreclosure, however, ordered Property Holders to pay $20,646.50 for GreenState's attorney fees.[4]

In a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), Property Holders again asked for a hearing on the issue of attorney fees. The district court ruled:

> In considering the factors necessary to reach a determination regarding the reasonableness of the attorney fee request in this case, the Court finds nothing unreasonable about the time spent or amount requested by [GreenState's] counsel on this case. The Court has reviewed [GreenState's] attorney fee affidavit, and in sum, when the whole picture is viewed, and applying the Court's independent judgment with the benefit of hindsight, the Court finds that it is the experience of the Court that the amount requested for attorney fees in this case is a typical amount for a normal foreclosure action. The Court finds that the amount requested is appropriate. The fees sought by [GreenState] are reasonable, and [the] request for a hearing regarding the matter is denied.

Property Holders appealed the district court's ruling.

Iowa Code section 625.22 (2020) provides, "When judgment is recovered upon a written contract containing an agreement to pay an attorney fee, the court shall allow and tax as a part of the costs a reasonable attorney fee to be determined by the court." The amount of attorney fees that can be awarded is limited to those fees that are reasonable. *NCJC, Inc. v. WMG, L.C.*, 960 N.W.2d 58, 67 (Iowa 2021). We review an award of attorney fees for an abuse of discretion. *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.*, 691 N.W.2d 730, 732 (Iowa 2005). "Reversal is warranted only

---

[4] In EQCV095003, GreenState requested $2503.00 in attorney fees but the district court awarded $2053.00. GreenState requested a total of $21,096.50 in attorney fees but because of the reduced award in EQCV095003, it was awarded $20,646.50.

when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable." *Gabelmann v. NFO, Inc.,* 606 N.W.2d 339, 342 (Iowa 2000).

The district court considered the amount of attorney fees requested and found "that the amount requested for attorney fees in this case is a typical amount for a normal foreclosure action." The court made this ruling based on its experience in other foreclosure actions. The court appropriately considered whether the requested attorney fees were reasonable. *See* Iowa Code § 625.22; *NCJC*, 960 N.W.2d at 67. We conclude the district court did not abuse its discretion by ruling Property Holders should pay $20,646.50 for GreenState's attorney fees.

**B.** GreenState also seeks attorney fees for this appeal. Where attorney fees are awarded under section 625.22, a party may also be awarded appellate attorney fees. *Bankers Tr. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982). "[T]he issue of appellate attorney fees is 'frequently determined in the first instance in the district court because of the necessity for making a record.'" *Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 23 (Iowa 2001) (quoting *Lehigh Clay Prods., Ltd. v. Iowa Dep't of Transp.*, 545 N.W.2d 526, 530 n.2 (Iowa 1996)). In general, "[w]e prefer that the district court determine the reasonable amount of attorney fees plaintiffs should be awarded on this appeal." *Bankers Tr.*, 326 N.W.2d at 278. Therefore, we remand the case to the district court to determine the reasonable amount of appellate attorney fees. *See* Iowa Code § 625.22.

We affirm the decision of the district court and remand for an award of appellate attorney fees.

**AFFIRMED AND REMANDED.**