# IN THE COURT OF APPEALS OF IOWA

No. 23-1672
Filed January 9, 2025

**SOLON STATE BANK,**
        Plaintiff-Appellee,

**vs.**

**LIBERTY VIEW MALL, L.L.C., LIEN T. VU a/k/a LIEN THI VU, and SANKAR BARUAH,**
        Defendants-Appellants,
_____

        Appeal from the Iowa District Court for Johnson County, Sean W. McPartland, Judge.


        Mortgagors in a foreclosure proceeding appeal the district court's grant of summary judgment for the mortgagee. **AFFIRMED**.


        Thomas B. Read of Read & Roemerman, PLC, Cedar Rapids, for appellants.

        Siobhan Briley and Ryan J. Prahm of Pugh Hagan Prahm PLC, Coralville, for appellee.


        Considered by Schumacher, P.J., and Ahlers and Langholz, JJ.

**LANGHOLZ, Judge.**

Three mortgagors—Lien Vu, Sankar Baruah, and Liberty View Mall, L.L.C. (collectively "Liberty View")—defaulted on three promissory notes executed with Solon State Bank. As a result, Solon State Bank initiated foreclosure proceedings and moved for summary judgment. Liberty View resisted summary judgment by arguing that it had entered into a forbearance agreement with Solon State Bank. And because it upheld its end of the purported agreement by making partial payments each month, foreclosure was improper. Solon State Bank disputed the existence of any forbearance agreement. And the district court agreed that Liberty View failed to show the existence of any such agreement. So it granted summary judgment for Solon State Bank. Liberty View appeals.

We agree that Liberty View failed to generate a dispute of material fact over whether the parties entered into a forbearance agreement. Liberty View's summary-judgment evidence does not show any mutual intent to cabin Solon State Bank's foreclosure rights, instead resting exclusively on its own subjective—and unilateral—understanding of the circumstances. And Liberty View cannot rely on Solon State Bank's course of conduct leading up to foreclosure to infer the existence of an agreement, as Solon State Bank could accept partial payments without waiving its foreclosure rights and indeed acted to enforce its rights, including accelerating all three notes. Thus, because Liberty View agrees it was in default and we find no evidence showing the parties entered into a forbearance agreement, we affirm the district court's grant of summary judgment.

I.

Vu and Baruah are a married couple who purchased real estate through a limited liability company, Liberty View Mall, L.L.C. Liberty View Mall, L.L.C. executed two promissory notes with Solon State Bank—a $2.2 million note in August 2016 and a $485,000 note in December 2020. Vu and Baruah also individually executed a promissory note with Solon State Bank for $236,000 in August 2017. These notes are secured by mortgages on various properties, and the combined monthly payment was $19,375. Vu paid Solon State Bank each month on behalf of herself, Baruah, and Liberty View Mall, L.L.C.

In February 2022, Solon State Bank notified Liberty View that it was in default on the first note and gave twenty days to cure. In response, Vu made a $50,000 catch-up payment. Vu then paid nothing in March. In April, Solon State Bank notified Liberty View that it was in default on the second note and again gave twenty days to cure. Five days later, Vu deposited $14,000. And between May and December, Vu continued to pay roughly $14,000 a month.[1] Meanwhile, Solon State Bank accelerated all three notes in September, demanding payment of the full $2.9 million balance within fourteen days.[2] Vu did not pay the accelerated sum.

At the end of December, Solon State Bank initiated foreclosure proceedings, alleging Liberty View was in default. Solon State Bank later moved

---

[1] The actual payments varied—$13,975 in May, $17,070 in June, $14,000 in July, $18,945 in August, $14,000 in October, $14,000 in November, and $14,000 in December. But none were the full $19,375 owed to Solon State Bank each month on the notes.

[2] Each mortgage provided, subject to certain limitations, that Solon State Bank "may accelerate the Secured Debt and foreclose this Mortgage in a manner provided by law if [Liberty View] is in default."

for summary judgment, showing it held the mortgages on the identified properties and that Liberty View was in default of their payment obligations. Liberty View resisted, arguing that Solon State Bank "agreed to a forbearance of a foreclosure action" if Liberty View "continued to make certain payments on the notes, which they did." In support, Vu authored an affidavit claiming it was her "understanding" that if she "made payments to the Bank each in the amount of $14,000 per month the Bank wouldn't foreclose." The district court granted summary judgment for Solon State Bank, reasoning that Liberty View did not generate a dispute of material fact over whether a forbearance agreement existed.

Liberty View appeals.

## II.

Summary judgment is required when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). To overcome a well-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* r. 1.981(5). Indeed, nonmoving parties must "go beyond generalities" and "show what evidence it has that would convince a trier of fact to accept its version of the events." *Feeback v. Swift Pork Co.*, 988 N.W.2d 340, 348 (Iowa 2023) (cleaned up). Without that quantum of evidence, summary judgment properly "weed[s] out paper cases and defenses in order to make way for litigation which does have something to it." *Id.* (cleaned up). We review a grant of summary judgment for correction of legal error. *Freedom Fin. Bank v. Est. of Boesen*, 805 N.W.2d 802, 806 (Iowa 2011).

The parties agree that Liberty View did not pay in full each month, nor did it pay its total balance once Solon State Bank accelerated the notes, and that the mortgages' written terms allow Solon State Bank to foreclose. Yet Liberty View insists Solon State Bank cannot foreclose because the parties entered into a separate forbearance agreement. And because the parties dispute whether a forbearance agreement exists, Liberty View argues that dispute should have precluded summary judgment. But Liberty View overstates its summary-judgment evidence.

Vu's affidavit never asserts that the parties entered into a forbearance agreement. Instead, Vu merely offered her own "understanding" that if Liberty View paid "14,000 per month the Bank wouldn't foreclose." One party's unilateral understanding does not create a binding foreclosure agreement—there must be a meeting of the minds. *See First Am. Bank v. Urbandale Laser Wash, LLC*, 874 N.W.2d 650, 654–57 (Iowa Ct. App. 2015) (affirming summary judgment on foreclosure action because mortgagor did not show mutual intent to enter into a forbearance agreement); *Jewell v. Logsdon*, 206 N.W. 136, 137–38 (Iowa 1925) (finding mortgagor's testimony alone failed to prove existence of forbearance agreement).

On appeal, Liberty View tries to bolster Solon State Bank's assent to a forbearance agreement by pointing to nine monthly payments of around $14,000 that Solon accepted before petitioning for foreclosure. But that evidence falls short of showing the parties mutually intended to cabin Solon State Bank's ability to foreclose. Mortgagees may accept partial payments without waiving their foreclosure rights. *See Jewell*, 206 N.W. at 138 (declining to infer the existence of

a forbearance agreement based on several tendered payments in part because "[t]he mortgagee cannot be penalized for the mere receipt of that to which he is in equity and good conscience entitled"). And even if mere passive acceptance of partial payments could be significant, Solon State Bank did not sit idly by during these months. Rather, it issued a notice of default in April and accelerated all three notes in September. So Liberty View cannot point to Solon State Bank's course of conduct to support assent to a forbearance agreement. Thus, absent any evidence showing the parties entered into a forbearance agreement, the district court properly granted Solon State Bank summary judgment.

**AFFIRMED.**